SUPREME COURT OF MISSOURI.

WATKINS v. THE STATE.

A party cannot plead any matter to a *scire facias* on a judgment, which he might have pleaded to the original action.

Appeal from the Circuit Court of Cape Girardeau county.

SCOTT & ZEIGLER for Appellant.

BRICKEY for the State.

*Opinion of the Court, delivered by Napton, Judge.*

On the 26th of September, 1826, the State had judgment by *nil dicit* for $221 52, against Watkins, in an action of covenant. On the 25th of January, 1838, a *scire facias* on this judgment issued from the clerk's office of the circuit court of Cape Girardeau county. To this the defendant pleaded: First, *nul tiel record:* Secondly, payment; and four additional pleas, setting forth, in substance, that the consideration of the obligation on which the judgment had been recovered, was loan office certificates, issued in violation of the constitution of the U. States.

The defendant, also, moved to vacate the judgment, because the consideration on which said judgment was founded, was illegal, unconstitutional, and void, and because the said judgment was obtained by fraud, misrepresentation, and mistake. The circuit attorney demurred to the four pleas, setting up the defence of illegal consideration, and took issues upon the pleas of payment and *nul tiel record*. The demurrer was sustained by the court—the motion to set aside the judgment overruled, and the issues submitted were found for the State, and judgment went against Watkins. Exceptions were taken, and saved, to the opinion of the circuit court.

No principle is better settled, than that to a *scire facias,* on a judgment, no defence can be pleaded, which might have been made to the original action. The principle is one uniformly adopted by the courts, and subject to no exceptions. Judgment, by confession, upon warrant of attorney, suf-

MAY TERM.
1842.

Watkins
v.
The State.

fered *in pursuance of an illegal contract*, do not come within the principle; and hence, it has been held, both in England and in this country, that such judgments may be set aside upon motion, or by *audita querela*. Ca. Temp. Hardwick, 220; Cowp. 727; 1 H. Black. R. 75, 1 John. Rep. 634, Note A.

The case of McFarland v. Irwin, (8 John. R. 77,) has been relied on as establishing an exception to this rule. In that case, the supreme court of New York, held the following language. "It is a settled rule, that the defendant cannot plead any matter to a *scire facias*, which he might have pleaded to the original action, or which existed prior to the judgment. A judgment, entered upon a warrant of attorney, is a judgment by confession, and the case of Bush, assignee of Jones v. Gower, (Ca. Temp. Ld. H. 220,) and of Cooke v. Jones, (Cowp. 727) were cases of *sci. fa.* upon a judgment entered by confession, on a warrant of attorney. The rule is the same, whether the judgment be obtained by confession, or default, or upon plea. The remedy, in these cases of judgment by confession, is by application to the court, upon motion, as was done in the case of Jackson v. Morely, cited Ld. Hardwick, in the case from Cowper.

The court, here, may have intended to say, that the rules of pleading, were the same in all the three cases specified: that in neither case, could the party, by *plea*, avail himself of any defence, except such as originated since the judgment; but that in case of judgments by confession, relief could be had by *motion*. This is the only interpretation of the language of the court which is consistent with the principles established in the cases which they cite; and thus understood, the case does not help the appellant.

In Cardisa v. Humes, (5 Serg. and Rawle, 68–9,) Gibson, J., says, "I take the law to be, that in no case, nor under any circumstances, can the merits of the original judgment be enquired into, for the purpose of furnishing a defence to a *scire facias*. When a judgment has been obtained surreptitiously, it will be set aside on motion, and when it is suffered by *confession* or *default*, if there be a defence,

might have pleaded to the original action.

of which the party *was ignorant*, or *which arose afterwards*, the court, to give him advantage of it, will open the judgment; but in no other way can the equitable power of the court be interposed."

The language of Judge Gibson, in this case, confirms the doctrine of the court in McFarland v. Irwin, in relation of the admissability of pleas in all cases, and seems to countenance the opinion, that even in cases of judgment by default, or confession, the only way in which a defence could be made available, would be by motion, or *audita querella*.

But the precise mode in which a defence to a judgment, by confession, must be made, cannot be very material: it is sufficiently established, that neither by plea *audita querella*, or motion, can any such defence, *going into the merits* of the original action, be made, where the judgment has been regularly obtained. It is immaterial, so far as the present inquiry is concerned, whether the judgment be by default, by *nil dicit* or upon plea; if the party fails to make his defence, or is unsuccessful in making his defence, the judgment is conclusive, until reversed by writ of error.

A judgment by confession, is, in reality, nothing more than a record security ; and when such judgments are suffered, in pursuance of some illegal contract, such as usury,. or gambling, there is no reason why they should not be avoided. The judgment in such cases, is the consummation of the fraudulent or illegal contract, and whenever such illegality in the consideration, for which this judgment or record assurance has been given, is brought to the knowledge of the court, either by motion or plea, the court will set it aside. The party never had any previous opportunity of making his defence, no principle of law is violated, and the case is really not embraced within the general principle. Flint v. Sheldon, 13 Mass. Rep. 453 ; and Killings v. Coolridge, 14. Ib. 48.

It need scarcely be added, that the fact that the loan office law, had not been pronounced unconstitutional by the supreme court of the United States, when the judgment was recovered against Watkins, which has been relied upon as

MAY TERM.
1842.

a reason for his not making any defence to the original action, is entitled to no weight.

The judgment of the circuit court is affirmed.