J. J. BICK, Appellant, v. BAXTER E. VAUGHN, Administrator of the Estate of Wm. P. Carter, Deceased, Respondent.

**St. Louis Court of Appeals, June 22, 1909.**

1. **PLEADING: Petition, Construction of: Action on Judgment or Scire Facias.** A petition which declares upon a judgment debt alleged to be due and owing plaintiff by defendant and which identifies the judgment by its date and amount and designates the court in which it was recovered and the rate of interest thereon and which avers that it had never been paid, appealed from or discharged in any manner and that the amount owing was $350, for which amount judgment was prayed, states a cause of action, and the suit will be construed to be an action upon a judgment and not a proceeding by *scire facias*, although the petition asks for a revival and renewal of the lien of the former judgment.

2. **JUDGMENTS: Scire Facias: How Commenced.** A *scire facias* proceeding can be commenced in no other way than by issuing a writ of *scire facias*, and the issuance of such writ is not the institution of a new suit.

3. **PLEADING: Amended Petition: Departure: Tests to Determine Whether New Cause of Action is Stated.** In determining whether or not an amended petition substitutes another and distinct cause of action from that counted on in the abandoned pleading, the tests most frequently employed are, will the same evidence support the allegations of, and will the same measure of damages apply to the cause of action stated in, the original and amended petitions? Another test is to inquire whether a recovery had under the original petition would bar a recovery under the amended petition, or whether both petitions are subject to the same plea.

4. ————: ————: ————: ————. Where the original petition sought to recover on a judgment obtained by plaintiff against defendant on a designated date before a designated justice of the peace for a specified sum, with interest, an amended petition seeking a recovery on the same judgment does not set forth a new cause of action.

5. ————: ————: ————: ————: **Original, and not Intermediate Amended, Petition to Govern.** Where two amended petitions are filed, in determining whether or not the last amended petition should be stricken from the files as a departure, the question must be determined with reference to the original petition, irrespective of what may be contained in the other amended petition.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED (*with directions*).

*James P. Boyd* for appellant.

The second amended petition of appellant was an amendment of the original petition filed in this cause under the two tests laid down by the courts of this State. Liese v. Meyer, 143 Mo. l. c. 555; Haines v. Pearson, 107 Mo. App. l. c. 484; Grigsby v. Barton Co., 169 Mo. l. c. 225.

*J. H. Whitecotton* and *W. W. Barnes* for respondent.

The second amended petition was clearly a suit upon a judgment had before a justice of the peace of

Audrain county, while the amended petition was clearly
a proceeding to revive the lien of a judgment had before
a justice of the peace of Monroe county. Appellant can-
not seriously contend that the judgment rendered by
the justice of the peace of Audrain county is the same
judgment rendered by the justice of the peace of Monroe
county, and that the same evidence would support both,
or that the same measure of damages would apply to
both; and so respondent contends that the second
amended petition was a substitution. Burnham v. Til-
lery, 85 Mo. App. 453; Grigsby v. Barton Co., 169 Mo.
221.

NORTONI, J.—This is a suit on a judgment. There
were two amended petitions filed. On defendant's mo-
tion, the second amended petition was stricken from the
files. From this action of the court, plaintiff having ex-
cepted and preserved his exceptions by bill duly filed,
prosecuted this appeal. It appears the court regarded
the cause of action stated in the second amended pe-
tition as a substitute for that theretofore relied upon,
and on this theory, sustained defendant's motion to
strike it from the files.

The original petition is inartistically drawn. The
fact is, it is exceedingly informal. It was possibly
drafted by plantiff without the aid of counsel, and it
contains much irrelevant and immaterial matter. How-
ever, enough appears to show that it was intended as a
suit upon a justice of the peace court judgment, dated
January 22, 1894, for the amount of which plaintiff
prayed judgment, together with interest and costs of
suit. There are recitals in the original petition also to
the effect that plaintiff asks the revival and renewal
of the lien on his judgment. However, these matters
may be treated as surplusage, for it appears what plain-
tiff really prayed for was a judgment against the de-
fendant upon his judgment debt thereinbefore recited.
There was no writ of *scire facias* issued nor served upon

the defendant. The process issued upon the original petition was the usual and customary writ or summons in civil cases. It was duly served upon defendant and so returned. Putting aside the irrelevant and immaterial matter set forth in the original petition, plaintiff stated therein for his cause of action that on January 22, 1894, he recovered judgment before C. G. Baker, justice of the peace of Prairie township, in Audrain county, Missouri, for $85 with ten per cent interest, to compound annually, and costs; that on February 19, 1903, he filed a certified copy of this judgment in the circuit court of Audrain county, Missouri, and caused it to be recorded therein; that such judgment, interest and costs, have never been paid, appealed from, vacated, superseded, or satisfied, and that the same is due, owing and unpaid to the plaintiff; that at the time of the institution of the suit, it aggregated $350; for which the petition recites, plaintiff "asks against the defendant a revival, renewal lien thereof, to be continued, and prayed for final judgment thereon with ten per cent interest to compound annually, and costs of the suit." As stated, upon the filing of this petition, an ordinary writ of summons was issued to defendant, which together with a copy of the petition annexed, was duly served and return properly made. Although the petition contained a recital asking for a revival and renewal of the lien of the judgment, no writ of *scire facias* was issued.

Plaintiff afterwards filed an amended petition, declaring upon the same identical judgment of January 22, 1894, rendered in his favor in the justice of the peace court of C. G. Baker, justice of the peace of Prairie township of Audrain county, Missouri, for $85 with ten per cent interest, to compound annually, with costs, and which recited, further, that a certified transcript of that judgment was filed in the circuit court of Audrain county, Missouri, February 19, 1903; and that afterwards, on March 2, 1903, a certified copy thereof from the Audrain county circuit court was filed in the office

of the clerk of the circuit court of Monroe county, Missouri, and is on record in book one, at page eight thereof. The amended petition recited further that on October 12, 1903, the judgment was revived on affidavit duly filed before W. R. Martin, justice of the peace of Monroe county, Missouri; that a certified copy of such revival was filed in the circuit court of Monroe county, etc.; that such judgment and costs amounted to $350, which has never been paid, appealed from, vacated, superseded or satisfied; that the amount now due, owing and unpaid to the plaintiff in all aggregates $350, for which plaintiff asks revival and renewal lien thereof to be continued, and prays for final judgment against defendant with ten per cent interest to compound annually, and costs of suit.

Defendant having interposed an answer to the amended petition, plaintiff employed counsel who prepared and filed a second amended petition, which was stricken from the files. The second amended petition counts upon the identical judgment that is counted on in the first. It alleges that on the 22nd day of January, 1894, plaintiff obtained judgment against defendant before C. G. Baker, a justice of the peace, within the township of Prairie, in the county of Audrain, State of Missouri, for the sum of $85 with interest thereon from the date of such judgment, at the rate of ten per cent per annum, to be compounded annually, and for his costs in such case laid out and expended. It further alleges that such judgment had never been paid or satisfied; that it is still due and owing the plaintiff, and that there remains due and unpaid the plaintiff on such judgment, the amount of $250, for which he asks judgment and for his costs.

Now there can be no doubt that, while the original petition filed contained irrelevant matter which might have been stricken out as surplusage, it declared upon a judgment debt alleged to be due and owing to the plaintiff by the defendant. It identified the judgment by

date and the amount thereof, as well as by designating the court in which, and the name of the justice before whom, it was recovered, and the rate of interest thereon. It recited, too, that the judgment had never been paid, superseded, appealed from, or discharged in any manner; that the amount thereof, with accrual, was $350, and for this amount prayed judgment and costs. Our code requires plaintiff to make a plain and concise statement of the facts constituting his cause of action, to be accompanied with a prayer for the character of relief sought and the amount demanded. [Sec. 592, R. S. 1899, sec. 592, Mo. Ann. St. 1906.] The facts mentioned certainly constitute a sufficient statement of a cause of action seeking to recover for the judgment debt. In other words, the facts stated were sufficient to constitute the proceeding a suit upon the judgment. The petition must be interpreted, under the code provision referred to, with the eye single to the character of relief the court is authorized to grant on the pleading and prayer presented. The original petition can in no respect be treated as a *scire facias* proceeding, although there are references therein to a revival and renewal of the lien of the former judgment, for in a *scire facias* proceeding, in which the lien of a judgment is sought to be revived and renewed, no petition whatever is required; whereas a petition must be filed when the suit is on a judgment. As to *scire facias,* our statute (sec. 3715, R. S. 1899, sec. 3715, Mo. Ann. St. 1906) provides: "The plaintiff or his legal representatives, may at any time within ten years, sue out a *scire facias* to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment, no *scire facias* shall issue." Although it may not be improper to file a petition or written suggestions praying the issue of *scire facias* to revive a lien of a judgment, no pleading whatever is required for that purpose. Indeed, a *scire facias* proceeding to revive the lien of a judgment is not the institution of a new suit. This proposition is well settled

by the authorities in this State. [Sutton v. Cole, 155 Mo. 206; Bick v. Tansey, 181 Mo. 515; Sutton v. Cole, 73 Mo. App. 518; State v. Hoeffner, 124 Mo. 488.] And no petition is required in such cases, nor is the service of the usual process of summons or a copy of the petition required. The writ of *scire facias* alone is the foundation of the action, and a *scire facias* proceeding cannot be commenced in any manner other than by the issuing of a writ of *scire facias*. This much has been several times determined under the statute above quoted by the courts. [Merchants' Mut. Ins. Co. v. Hill, 17 Mo. App. 590; Armstrong v. Crooks, 83 Mo. App. 141.] It therefore appears that even though the petition contained a prayer for a revival and renewal of the lien, it was entirely incompetent and wholly failed to invoke the power of the court in a *scire facias* proceeding. In truth, as said before, the original petition appears to have been drafted by plaintiff himself and is informal in many respects. Nevertheless, it states facts sufficient as a suit upon a judgment and appears to be wholly foreign to a *scire facias* proceeding. The record discloses that the parties treated the case as a suit upon a judgment and a writ of summons was issued thereon accordingly. In due time the defendant filed his answer to the original petition as though it were a suit on a judgment and not a *scire facias* proceeding. It is obvious defendant understood the proceeding to be a suit on the judgment.

The second amended petition which was stricken from the files was prepared after counsel came into the case and is a plain and concise statement of a cause of action on a judgment. The tests most frequently adverted to in this State by which the proposition as to whether a new pleading is an amendment, or a substitution of another and distinct cause of action, are, first, whether the same evidence will support the allegations of both the original and amended petition; and second, whether the same measure of damages will apply to the

cause stated in both the original and the amended petitions. If these questions may be answered in the affirmative, it is an amendment; whereas, if they are to be answered in the negative, it is said to be a substitution of a new cause of action. [Scoville v. Glasner, 75 Mo. 449; Sauter v. Leveridge, 103 Mo. 621; Liesse v. Meyer, 143 Mo. 547; Grigsby v. Barton County, 169 Mo. 221; Burnham v. Tillery, 85 Mo. App. 453; Holliday v. Jackson, 21 Mo. App. 660; Haines v. Pearson, 107 Mo. App. 481.] Besides the tests referred to, it is said to be a fair criterion in determining whether a new cause of action is alleged in the amendment, to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if both the original and amended complaints are subject to the same plea. [1 Ency. Pl. and Pr., 556.] Now it appears that the cause of action stated in the second amended petition, is identical with that stated in the original; that is to say, both count upon a judgment alleged to have been obtained by the plaintiff against the defendant on the 22nd day of January, 1894, in the court of C. G. Baker, justice of the peace of Prairie township, in the county of Audrain, in the State of Missouri, for the sum of $85, with interest from the date of said judgment at the rate of ten yer cent per annum to be computed annually, and costs accrued in said suit. It is alleged that this judgment has never been vacated or satisfied; that it is still due and owing to plaintiff by the defendant and that there remains due and unpaid to plaintiff thereon the sum of $350. Now it is obvious that the same evidence would support the second amended petition as would support the original, for the two count upon the identical judgment, between the identical parties, for the same amount, rate of interest, etc. That the same measure of damages applies to both is obvious also for the amount alleged to be due thereon is the same, $350, and interest is to be computed on the original judgment at ten per cent. That a recovery

upon either petition would operate a complete bar to
any recovery under the other, is obvious as well, and it
is certain that both the original and amended petition
are subject to the same plea on the part of defendant.

However this may be, from the arguments pre-
sented in the brief, it appears the second amended pe-
tition was stricken from the files on the theory that it
was a departure from or the substitution of a new cause
of action for that relied upon in the first amended pe-
tition. And it is argued here on behalf of defendant
that by filing the first amended petition, the original
petition was thereby abandoned. It is argued a new
cause of action was interposed as the first amended pe-
tition, after reciting judgment, was had on January 22,
1894, before C. G. Baker, justice of the peace of Prairie
township in Audrain county for $85, etc., proceeds fur-
ther and avers that a certified copy of such judgment
was filed in the office of the circuit court of Audrain
county, and that thereafter, a certified copy of that rec-
ord was filed in the circuit court of Monroe county; and
thereafter, some proceedings were had, or attempted to
be had, looking to its revival in the court of W. R. Mar-
tin, justice of the peace of Monroe county, etc. The ar-
gument is the averment of these matters changed or sub-
stituted a new cause of action; that is, substituted the
judgment of W. R. Martin, justice of the peace of Mon-
roe county, for that originally declared upon. We are
not impressed with this argument in the least. In the
first place, even this first amended petition, notwith-
standing the confusion introduced, asks for judgment
on the original judgment. Aside from this, all of those
matters last above adverted to are entirely immaterial
to the obligation which existed in favor of plaintiff on
the judgment sued on; that is, on the original judgment
of date January 22, 1894. In this proceeding on that
judgment, it was entirely competent for the court to
treat those matters as immaterial. [Bick v. Robbings,
131 Mo. App. 607.] However, the standard by which

the question of amendment or substitution is to be determined, must be resolved by reference to the original petition, and not by reference to the first amended petition. It may be conceded for the purposes of the case, although the point is not decided, that the first amended petition substituted a new cause of action for that relied upon in the original petition, and this would be no reason why a second amended petition which counted upon the precise cause of action declared upon in the original, should be stricken from the files. If the second amended petition and the original petition are susceptible of being sustained by the same proof and the cause of action stated in each is subject to the same measure of damages or if a recovery on either the second or original petition would operate a bar to a recovery on the other petition, or both the second amended petition and the original petition are subject to the same plea, then the second amended petition was an amendment of the original cause of action. This is true, without regard to what was averred in the first amended petition filed. It is the established law that the relevancy of the amendment must be determined by reference to the original petition and the cause of action therein declared upon; and this is true, irrespective of what may be contained in other amendments. In fact, such amended pleading is regarded as a continuation of the original pleading and generally relates back and takes effect as of the date when the original petition was filed. [1 Ency Pl. and Pr., 621.]

It appearing that the second amended petition counted upon the identical cause of action sued upon in the original petition, the judgment will be reversed and the cause remanded with directions to the trial court to set aside its orders striking the second amended petition from the files and to reinstate the cause upon its docket for further proceedings therein. *Reynolds, P. J.,* and *Goode, J.,* concur.