GLIDDEN-FELT MANUFACTURING COMPANY, Respondent, v. CHARLES L. ROBINSON, Appellant.

St. Louis Court of Appeals.    Argued and Submitted January 11, 1912.    Opinion Filed February 6, 1912.

1. **JUDGMENTS:** Scire Facias: Where Maintainable. *Scire facias* must be sued out from the court in which the judgment sought to be revived was rendered.

2. ———: ———: Pleading. The plea to a writ of *scire facias*, sued out to revive a judgment, is to the writ and not to the petition therefor.

3. ———: ———: Parties. The writ of *scire facias*, sued out to revive a judgment, being a judicial writ, must pursue the nature of the judgment. At common law, if a joint judgment was obtained against two or more, it was essential that the writ be against all of the judgment debtors or their representatives or tenants, subject to certain exceptions; but under section 2777, Revised Statutes 1909, where it appears that one or more of the judgment debtors is either not within the jurisdiction of the court, is dead, or has been discharged by the plaintiff from further liability, the right of the plaintiff to enforce the unpaid portion of the judgment against the other judgment debtors is in no wise affected.

4. ————: ————: **Nature of Writ.** A proceeding by *scire facias* to revive a judgment is a continuance of the former suit and not the institution of a new one.

5. ————: ————: **Pleading: Defenses.** In a proceeding by *scire facias* to revive a judgment, the defendant in his return to the writ may plead *nul tiel record*, payment or release, or the like, but may not plead any matter that he might have pleaded in the original action in which the judgment was acquired; and hence, in such a proceeding, brought by a corporation, defendant may not defend on the ground that plaintiff was not a corporation, nor one authorized to do business within the state so as to be entitled to sue.

6. ————: **Presumptions in Support: Corporations.** It is conclusively presumed on collateral attack, in support of a judgment of the circuit court in favor of a purported corporation as plaintiff, that, plaintiff was a corporation, entitled to maintain the action.

7. ————: **Scire Facias: Pleading: Amendment of Petition: Change of Corporate Name.** The fact that, after plaintiff corporation had filed a petition for *scire facias* to revive a judgment, and the writ had issued, its name was changed in the proceeding, on the assumption that its corporate name had been legally changed, did not effect a discontinuance of the proceeding, so as to bring it within the Statute of Limitations, upon its subsequently being prosecuted by plaintiff in the name under which the proceeding was instituted.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*J. D. Hostetter* for appellant.

(1) The corporate existence of both the Glidden-Felt Manufacturing Company and Francis T. Simmons & Co., was squarely put in issue by defendant's second amended answer upon which the cause was tried, which answer was duly verified by affidavit; therefore it was essential that plaintiff should "prove the fact of such incorporation" in order to escape the deadly effect of the demurrers. R. S. 1909, sec. 1985; White v. Lodge, 30 Mo. App. 682. (2) Defendant's

second amended answer set up that the proceeding to revive was not begun against him within ten years after the rendition of the judgment. R. S. 1909, sec. 2126. Said answer further set up the abandonment of the suit to revive by the Glidden-Felt Manufacturing Company, on June 15, 1909, by the filing of an amended petition in the name of Francis T. Simmons & Co., on that date in which a writ of *scire facias* was asked. Now the judgment was rendered on December 10, 1897, and the proceeding to revive it was begun on December 3, 1907, by the Glidden-Felt Manufacturing Company, by the filing of a petition. Assuming for the sake of argument that a writ of *scire facias* issued at the instance of the Glidden-Felt Manufacturing Company, within ten years from the date of the judgment, still its abandonment of the case on June 15, 1909, to Francis T. Simmons & Co., and its reappearance in the litigation at the subsequent term of court destroyed the continuity of the suit as to it, and amounted to an abandonment of the writ of *scire facias* which had been issued at its instance on December 3, 1907.

*Tapley & Fitzgerrell* for respondent.

(1) *Scire facias* to revive a judgment is not a new suit but a continuation of a former suit. Bick v. Tanzey, 181 Mo. 523; Sutton v. Cole, 155 Mo. 26. (2) Writ of *scire facias* alone is the foundation of the action and a *scire facias* proceeding cannot be commenced in any other manner other than by the issuing of a writ of *scire facias*. Bick v. Vaughn, 140 Mo. App. 595. (3) A petition is not required. Bick v. Vaughn, supra, 601; Goddard to the use v. Delaney, 101 Mo. 564. (4) Defendant cannot plead anything which he might have pleaded in the original action. Jeffries v. Wright, 51 Mo. 215; Watkins v. State, 7 Mo. 334. (5) Plaintiff may dismiss as to one or more defendants and have judgment of revivor against the

remaining defendant or defendants. Long v. Thormond, 83 Mo. App. 227; R. S. 1909, sec. 2777.

REYNOLDS, P. J.—On the 10th of December, 1897, the Glidden-Felt Manufacturing Company, a corporation, recovered a judgment in the circuit court of Pike county, this state, against Charles L. Robinson, James D. Kincaid, C. Jeter Robinson and Warren G. Robinson, in the sum of $782, on account of two promissory notes. One Daniel Pendergast appears to have been a codefendant, but it is recited in the judgment that the cause had been dismissed as to him. Afterwards, on the 3d of December, 1907, the plaintiff, Glidden-Felt Manufacturing Company, filed a petition in that court in which it prayed for the issue of a *scire facias* against the three Robinsons, Kincaid and Pendergast. On that day *scire facias* issued, directed to the sheriff of the city of St. Louis against C. Jeter Robinson, in and by which he was ordered to appear before the circuit court of Pike county at the next term thereof and show cause; if any, why the judgment should not be revived against him. This was duly served on him and he appeared and filed his return to the *scire facias,* designating it, however, as an answer to the petition and writ. In this return or answer Robinson avers that he was never served with process in the suit referred to, had never entered his appearance in the cause, and that the Pike County Circuit Court had never acquired any jurisdiction over him. As a further answer he set up that there was then pending and undetermined in the circuit court of the city of St. Louis, a suit instituted by plaintiff against him and another on the same judgment, in and by which said action plaintiff seeks to obtain a new judgment against the defendant and another. (This plea was stricken out on motion.) Robinson also pleads the Statute of Limitations in bar, claiming that more than ten years have elapsed from the date of the

rendition of the judgment before any proceedings were begun against him. As a further return or defense Robinson sets up that on the 31st of August, 1908, Charles L. Robinson, one of the defendants in the original cause, had paid the sum of $500 on the judgment, in release and discharge of said Charles L. Robinson from all liability on the judgment, and that in July, 1909, Warren G. Robinson, another of the defendants had paid on the judgment the sum of $300, under an agreement releasing and discharging him from further liability on the judgment. The defendant, C. Jeter Robinson, pleads that the acceptance of these payments operated as a release and discharge and satisfaction of the judgment *in toto* and released and discharged all other parties to the judgment from liability thereon. As another defense C. Jeter Robinson pleads that the judgment had been liquidated, paid off and discharged. As further defense he avers that neither the Glidden-Felt Manufacturing Company nor Francis T. Simmons & Co. (a corporation), had complied with the statutes of the state of Missouri authorizing foreign, non-resident corporations to do business in this state or to sue in this state, or that they are corporations. It is further averred that on the 15th of June, 1909, this cause was abandoned by the Glidden-Felt Manufacturing Company, as plaintiff, and an amended petition filed in the case making Francis T. Simmons & Co., a corporation, the plaintiff in place of the Glidden-Felt Manufacturing Company, the amended petition by which this was done being filed by leave of court; that afterwards the cause was heard by the court, Francis T. Simmons & Co. appearing as sole plaintiff, and was submitted to the court; that afterwards the court filed written findings of fact and conclusions of law setting aside the submission, to which action Francis T Simmons & Co. filed a motion for new trial and in arrest of judgment, but dismissing the cause as to the defend-

ants Kincaid and Pendergast; that afterwards this motion for a new trial was overruled and leave was given to Francis T. Simmons & Co. to withdraw the paper filed by that company on June 15, 1909; that on that day Francis T. Simmons & Co. dismissed the action as to the defendants Warren G. and Charles L. Robinson, and by leave of court was granted until February 1, 1910, to plead to the answer and return of C. Jeter Robinson. It is averred that these proceedings had at the June and October terms, 1909, of the court, amounted to an abandonment of the case by the Glidden-Felt Manufacturing Company, and that there has been no revival of the cause by leave of court, so as to make the Glidden-Felt Manufacturing Company a party to the suit, and that on the filing of the amended petition on June 15, 1909, in the name of the plaintiff Francis T. Simmons & Co., the Glidden-Felt Manufacturing Company ceased to be a party plaintiff to the action. On this state of facts defendant pleads the ten-year bar of the Statute of Limitations both as against Francis T. Simmons & Co., and the Glidden-Felt Manufacturing Company. This answer was verified by C. Jeter Robinson, who had become the sole defendant. A general denial was filed to this by way of reply.

The court thereupon proceeded to hear the case, a jury having been waived, plaintiff requesting a written finding of fact. The court took the cause under advisement and afterwards making its finding of fact and conclusions of law, entered judgment in favor of plaintiff reviving the judgment as against the defendant C. Jeter Robinson for the full amount of the judgment and interest, giving credit, however, on the judgment, for the two payments of $500 and $300, respectively, set up in the answer or return as having been made by Charles L. Robinson and Warren G. Robinson, respectively. From this judgment the de-

fendant, C. Jeter Robinson, duly perfected his appeal to this court.

It appears that James D. Kincaid, one of the parties· defendant in the original judgment, had died before the commencement of proceedings to revive the judgment, and while the prayer for the scire facias asked that it issue as against Daniel Pendergast as a party defendant, very clearly this was an oversight, as in the original judgment it is recited that the cause had been dismissed before judgment as to him. It further appears that the Glidden-Felt Manufacturing Company and Francis T. Simmons & Co. were one and the same corporation, the Glidden-Felt Manufacturing Company apparently attempting to change its name to that of Francis T. Simmons & Co., but this change not having been made or being discovered not to have been made in legal form, the cause was thereafter prosecuted in the name of the original plaintiff, Gliddent-Felt Manufacturing Company. This is the explanation of the variance in name and attempted substitution of one name for the other. There was no pretense of payment of the judgment in full or of any payment upon it by this defendant.

It is obvious that the parties to this suit, at its inception were laboring under a misapprehension as to the proper proceedings for the revival of a judgment on writ of scire facias. The learned trial court, however, when the matter was first submitted to him, undoubtedly understood this and setting aside that submission, allowed the cause to proceed as on the scire facias, treating the so-called amended petitions as nullities. Thereafter the cause proceeded in due form against the defendant, C. Jeter Robinson, alone, one of the defendants in the judgment having died, the two other Robinsons having settled for part of the judgment, being released by plaintiff and the cause dismissed as to them.

The learned counsel for appellant makes his sole assignment of error on the action of the trial court in refusing to sustain demurrers to the evidence offered by defendant at the close of the case.

In support of this assignment, that counsel, as his first proposition, claims that the corporate existence of both the Glidden-Felt Manufacturing Company and Francis T. Simmons & Co., being in issue by a verified answer denying the corporate character of either, it was essential that plaintiff prove the fact of incorporation. As his second point he argues that defendant's plea of the bar of the ten-year statute should have been sustained, and that the answer having set up an abandonment of the suit to revive by the Glidden-Felt Manufacturing Company, on June 15, 1909, by the filing on that date of an amended petition in the name of Francis T. Simmons & Co., in effect, constituted a new suit, instituted by the latter company on that date, and as the judgment sought to be revived was rendered December 10, 1897, he claims that the statute had interposed as a bar; that after the disappearance of Francis T. Simmons & Co., as plaintiff, and the reappearance of the Glidden-Felt Manufacturing Company, which occurred on or after June 15, 1909, a new suit was instituted on that date by the Glidden-Felt Manufacturing Company.

The trial court found these facts as well as the conclusions of law against defendant.

Under our statute the lien of a judgment continues for three years from its rendition, subject to revival at any time within ten years. [R. S. 1909, sections 2125, 2126.] Hence if the plaintiff in a judgment desires to revive the lien, he is put to the writ of *scire facias,* and the judgment being thereupon revived, the lien continues for another period of three years. [R. S. 1909, section 2132.] When *scire facias* is sued out and issued, as it must be, from the court in which the judgment is rendered, it is to be served on the defend-

ant or defendants, and the plea is to that and not to any petition. The writ may be directed to any county in this state. [R. S. 1909, section 2130.] Being a judicial writ, it must pursue the nature of the judgment, and at common law, if a joint judgment be obtained against two or more, the *scire facias* must be against all of the defendants or their representatives or tenants, if any (2 Tidd's Practice [4 Am. Ed.], p. 1106), with, however, certain exceptions not here necessary to notice. Construing what is now section 2777, of our statutes of 1909, this court has said in Long v. Thurmond, 83 Mo. App. 227, 1. c. 232, that where it appears that one or more of the defendants in the judgment sought to be revived is either not within the jurisdiction of the court, is dead, or that he had been discharged by the plaintiff in the judgment from any further liability thereon, thus rendering it impossible to revive the judgment as against him, the right of plaintiff to enforce the unpaid portion of the judgment against the other defendant is in no wise affected.

In the case at bar it appears that one of the defendants to the original action is dead, that there was no judgment against another defendant named in the writ, and that two other defendants had been discharged by the plaintiff in the judgment from any further liability thereon. The court, in entering up the judgment of revivor here, credited the judgment with the amounts paid by these two defendants. Hence, as far as the present defendant is concerned, he has no cause to complain on that score, the amount of the debt for which he, along with the other defendants, was liable, having been diminished by the amount of the payments which they made and he having received the full benefit of them.

With these general remarks, as pertinent to an understanding of this case, we take up the points made by counsel for appellant.

The first point made by that counsel is that by filing a verified denial of the corporate existence of the Glidden-Felt Manufacturing Company or of Francis T. Simmons & Co., the corporate existence of this company was put in issue in this proceeding. It appears and was necessarily so found by the trial court and, as we understand, conceded by counsel in argument before us, that the Glidden-Felt Manufacturing Company and Francis T. Simmons & Co. is but the one company under two names.

The proceeding by *scire facias* upon a judgment to revive it, is but a continuance of the former suit (2 Tidd's Practice [4 Am. Ed.], *p. 1096), and is not the institution of a new suit. [Armstrong v. Crooks, 83 Mo. App. 141; Long v. Thurmond, supra (l. c. 231); Bick v. Vaughn, 140 Mo. App. 595, l. c. 600, and cases there cited (120 S. W. 618).]

It is furthermore the rule in proceeding under *scire facias* to revive a judgment, that the defendant in his return to the writ may plead *nul tiel record* of the recovery, payment or release, and the like, but he cannot plead any matter to the *scire facias* on the judgment which he might have pleaded in the original action. [2 Tidd's Practice (4 Am. Ed.), *pp. 1130, 1131, top pp. 1129, 1130; Watkins v. The State, 7 Mo. 334; Jeffries v. Wright, 51 Mo. 215.] So says Judge NAPTON, speaking for our Supreme Court in the Watkins case, supra. ''No principle is better settled,'' says that learned judge, ''than that to a *scire facias*, on a judgment, no defense can be pleaded, which might have been made to the original action. The principle is one uniformly adopted by the courts, and subject to no exceptions.'' In Jeffries v. Wright, supra, some of the very defenses set up by this defendant here were there interposed. As, for instance, the defendant in his return denied that the circuit court in which the judgment had been rendered had ever obtained

jurisdiction over him or that he had been served with process or appeared in the original suit. Judge SHER-WOOD, speaking for the Supreme Court, disposing of the attacks on the judgment sought to be revived, cites from Tidd's Practice, heretofore cited by us, as to the pleas which may be interposed, and emphasizes the rule that the defendant cannot plead anything which he might have pleaded in the original action. As covering the plea of this defendant, that he had not been served in nor appeared to the original action, Judge SHERWOOD says (l. c. 221): "If a defendant in this kind of proceeding could not plead anything contradictory to the sheriff's return, *a fortiori* he would not be permitted to prove it. And if a defendant is inhibited from pleading anything to the *scire facias* which he might have pleaded to the original action, most certainly he should not be permitted to establish by testimony that which he is precluded from pleading."

It goes without saying that it was open to defendants, in the suit upon which the judgment was founded, to have there raised the defense that the plaintiff was not a corporation or one authorized to do business in this state. Whether he then and there raised that or not, judgment went in favor of plaintiff as a corporation; it is a judgment of a court of record, a court of general jurisdiction, and the presumption is irrefutable, by plea or proof, that plaintiff, when it recovered judgment, was a corporation and entitled to maintain the action.

The second contention, which involves the defense of the ten-year Statute of Limitations, is untenable. It appears, as before remarked, that after the filing of the petition for the issue of the writ and its issue, the name of the plaintiff was changed on the assumption that its corporate name had been legally changed. It appears that in fact this change of name had not been made, and it was conceded in the argument at bar

that it was the same corporation, the name only sup-
posed to have been changed. Changing the name in
no manner whatever effected either a discontinuance
or a renewal of the proceeding. It was the same action
between the same parties; no confusion of identity;
no possible hurt or harm to the defendant. The *scire
facias* was sued out and issued within the ten years
allowed by statute, and does not fall within the bar
of the statute.

The judgment of the circuit court is affirmed. *Nor-
toni* and *Caulfield, JJ.*, concur.