## MARCELINE R. REYBURN et al., Executors, Respondents, v. EUGENE W. HANDLAN, Appellant.

### St. Louis Court of Appeals.    Argued and Submitted April 4, 1912. Opinion Filed May 7, 1912.

1. **JUDGMENTS: Scire Facias: Nature of Writ.** A proceeding by *scire facias* to revive a judgment is not a new action, but a continuation of the former one.

2. **———: ———: Prosecution by Assignee.** Although *scire facias* to revive a judgment is not an "action," within section 2159, Revised Statutes 1909, which provides that "any action or other proceeding which the plaintiff in any judgment might have thereon may be maintained in the name of an assignee," it is a "proceeding," and may, therefore, be maintained in the name of an assignee.

3. **DEFINITIONS: "Proceeding."** A "proceeding," in a general sense, is the form and manner of conducting judicial business before a court or judicial officer, including all possible steps in an action from its commencement to the execution of judgment; in a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object, is a "proceeding."

4. **JUDGMENTS: Scire Facias: Assignment of Judgment: Parties to Action.** In a proceeding by *scire facias* to revive a judgment which has been assigned by the personal representatives of the deceased owner, it is not necessary to join such personal representatives as parties; but where they are made parties an objection by defendant to their joinder, first made after judgment, comes too late.

5. **———: ———: How Issued: Pleading.** *Scire facias* to revive a judgment may issue on a mere motion in the form of a *praecipe* to the clerk; the application to revive by *scire facias* not being treated as a petition nor subject to the rules of pleading applicable thereto.

6. **PARTIES: Change of Interest: Executors and Administrators.** A change of interest after the institution of a suit does not necessitate a change of parties, except in the case of death, in which event the representatives must be brought in.

7. **JUDGMENTS: Scire Facias: Parties: Misjoinder.** Where, pending *scire facias* to revive a judgment, executors of the owner executed an assignment of the judgment to the executors

of another, and the assignees were unnecessarily joined as parties, without objection, such irregular joinder did not invalidate the judgment of revivor.

8. ——: ——: Evidence: Defenses. On *scire facias* to revive a judgment, evidence that the original judgment creditor, whose rights in the judgment had been assigned by his executors, was not the owner of the note on which the original judgment was founded, and that he had not credited it with payments made before the rendition of the judgment, was inadmissible; the judgment being conclusive of such questions.

9. ——: ——: Assignment of judgment: Parties. Pending a proceeding by *scire facias* to revive a judgment, brought by the executors of the deceased judgment creditor, such executors executed an assignment of the judgment to the executors of another person, and the latter were joined as parties in the proceeding. *Held,* that the judgment of revivor was properly rendered in favor of all the parties before the court applying therefor; section 2158, Revised Statutes 1909, providing that, in case of an assignment of a judgment, execution shall issue in the name of the original plaintiff but shall be indorsed by the clerk for the use of the assignee, not being applicable.

10. ——: ——: Defenses. The fact that defendant, in a proceeding to revive a judgment by *scire facias,* has claims against the estate in whose favor the proceeding was instituted does not affect the right of revivor.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Leahy, Saunders & Barth* for appellant.

(1) A judgment cannot be revived through proceedings upon a writ of *scire facias* in the name of the assignees. Such a judgment of revival is utterly void. Bick v. Tanzey, 181 Mo. 515; Goddard to the use of Hyde v. Delaney, 181 Mo. 564; Bank v. Lambert, 116 Mo. App. 620; Strother v. Hilliker, 120 Mo. App. 165; Bick v. Robbins, 131 Mo. App. 670. Proceedings by writ of *scire facias* are merely a continuance of the original suit. It was error, therefore, to revive the original judgment, establish a lien thereon and award

execution therefor in behalf of anyone other than the plaintiff recovering the original judgment, or his legal representatives. R. S. 1909, sec. 2126; Sutton v. Cole, 155 Mo. 206; Armstrong v. Crooks, 83 Mo. App. 141; Bick v. Vaughn, 140 Mo. App. 595; Bick v. Dixon, 147 Mo. App. 69. (2) Valle Reyburn, who secured the judgment in his own name, having during his lifetime actually assigned same to John B. C. Lucas, left nothing to be revived on the part of Reyburn's executors. The proceedings were, therefore, in any event, improperly instituted and the judgment is void. Goddard to the use of Hyde v. Delaney, 181 Mo. 580. (3) The credits introduced in evidence were entirely competent as matters of defense under plea of payment. Kratz v. Preston, 52 Mo. App. 255; State v. Hoeffner, 124 Mo. 491.

*Carl Otto* for respondent.

(1) For a party to avail himself of error on appeal it must have occurred in the trial without his express or implied consent and he is estopped to allege as error that which he has recognized as valid by his voluntary act. Warehouse v. Railroad, 124 Mo. App. 568; Dice v. Hamilton, 178 Mo. 81; City v. Wright, 210 Mo. 491; Meyer Bros. v. Bybee, 179 Mo. 354; Farrar v. Midlands, 162 Mo. 469. (2) Under the decisions of this state, the writ of *scire facias* is called "a proceeding." Sutton v. Cole, 155 Mo. 212; Bick v. Robbins, 131 Mo. App. 672; Bick v. Tansey, 181 Mo. 515; Goddard v. Delaney, 181 Mo. 515.

REYNOLDS, P. J.—On the 16th of January, 1909, Marceline R. Reyburn and Frederick G. Ziebig, as executors of the estate of the late Judge Valle Reyburn sued out, from the circuit court in which it had been rendered, a *scire facias* to revive a judgment rendered May 15, 1899, in favor of Judge Reyburn and against Eugene W. Handlan for $2000. It is set out

in the application, called petition, for the *scire facias,* that Judge Reyburn died in September, 1907, naming and appointing his wife and Ziebig executrix and exector (hereafter referred to for brevity as his representatives) ; that they had duly qualified and that the judgment was unpaid. They pray that the writ of *scire facias* issue against the defendant Handlan, to show cause why the judgment should not be revived for its amount and for costs. The defendant appeared and pleaded that the judgment had been paid. Other matters are also pleaded as against the revivor, in substance, that Judge Reyburn was not the real owner of the note on which the judgment was founded, nor of the judgment, but was attorney for one J. B. C. Lucas, deceased, and that he had released certain of the joint makers to the note, suing Handlan alone, and also held certain stock as collateral, for which he and Lucas had not accounted.

The affirmative defenses were all denied in a reply. It appears by the record entries, as set out in the abstract, that on motion of Judge Reyburn's representatives, W. R. Faribault and John Bull, as executors of the estate of Lucas, deceased, had been joined as parties to the application at the December, 1909, term of the court. The cause came on for trial at the February, 1910, term and was submitted to the court, a jury being waived. The court found for the applicants and judgment was rendered in their favor, reviving the judgment in the names of the representatives of Reyburn and Lucas to the amount of $1610.90, and costs, with interest at the rate of eight per cent per annum, that being the amount of interest which the original judgment bore, and awarded execution accordingly.

Defendant filed a motion for a new trial. This was overruled and exception saved. No motion in arrest of judgment was filed. Defendant, excepting to

the overruling of the motion for new trial, has duly brought the case here by appeal.

The points made and argued by learned counsel for appellant are these:

(1) A judgment cannot be revived through proceedings upon a writ of *scire facias* in the name of the assignees. Such a judgment is void.

(2) Valle Reyburn in his lifetime had actually assigned the judgment to Lucas, and left nothing to be revived in the name of his executors, hence the proceeding and judgment were void.

(3) The credits introduced in evidence were proper under the plea of payment.

In their reply brief these same counsel make other contentions which it is well to notice. They are as follows:

(1) Granting that the amendment to section 3748, Revised Statutes 1899, was intended to apply to the revival of a judgment by *scire facias*—which counsel deny—it is argued that this does not correct the vice in the judgment at bar, because that judgment awards execution in favor of the assignee, contrary to section 2158, Revised Statutes 1909.

(2) The amendment to section 3748, Revised Statutes 1899, made by Act of March 7, 1907, does not authorize revival on *scire facias* in the name of the assignee, it being argued that "while it is true that *scire facias* is a proceeding, it is not a proceeding on a judgment. It is a proceeding continuing the original action and ancillary thereto."

(3) While objection was interposed to the introduction in evidence of the assignment to the executors of Lucas, even if it is held that the objection did not reach the point, it is immaterial, for the error is jurisdictional and the judgment entered is a nullity, for it is "beyond the scope of such a proceeding (by *scire facias*) to enter a judgment reviving a cause in favor

of the assignee," and the error in the judgment is in awarding execution in behalf of the assignee.

(4) The evidence showed that Reyburn had parted with his interest in the judgment in his lifetime. "The original judgment bore date May 15, 1899. *Scire facias* proceedings were instituted January 16, 1909. The ten-year statute had expired before the *scire facias* proceedings came on for hearing."

It will be observed that the substantial points are that the judgment cannot be revived through proceedings upon a writ of *scire facias* in the name of the assignees, and that the court should not have ordered execution to issue in the name of the assignees. It is also argued that the amount found as due on the judgment is excessive.

Counsel cite many authorities in support of the proposition that *scire facias* to revive a judgment cannot issue in the name of an assignee. The trouble with these authorities is that they relate to cases which arose and were determined prior to the amendment made to section 3748, Revised Statutes 1899, by the Act approved March 7, 1907 (Acts 1907, p. 320), the section as amended now appearing as section 2159, Revised Statutes 1909. That section prior to the amendment made by the Act of 1907 read as follows: "Any action which the plaintiff in such judgment might have thereon may be maintained in the name of the assignee." As amended in 1907, and as in force when this proceeding was instituted, it reads: "Any action or other proceeding, which the plaintiff in any judgment might have thereon, may be maintained in the name of the assignee." That is to say, section 3748, Revised Statutes 1899, was amended by adding to it, after the word "action," the words, "or other proceeding." It had been decided by our Supreme Court in many cases, particularly in Bick v. Tanzey, 181 Mo. 515, 80 S. W. 902, that neither by the common law nor

by the statutes of this state could a judgment be re-vived in the name of the assignee. This decision was rendered by our Supreme Court May 10, 1904. . As the Legislature amended this section shortly after the pro-mulgation of the opinion in Bick v. Tanzey, it may be assumed that the amendment was made for the express purpose of meeting the point covered by that decision. At all events, whatever the moving reason, we hold that the legislative branch of our state government, in the constitutional exercise of its power, overturned that and like decisions of the courts by amending the law on which those decisions rested.

There is no question but that our Supreme Court, as well as the other appellate courts of our state, have always held that the proceeding by scire facias to re-vive a judgment was not a new or an original action, but a continuance of the former suit. [See Glidden-felt Manufacturing Co. v. Robinson, 163 Mo. App. 488, 143 S. W. 1111, and authorities there collated.] But all the cases recognize it as a "proceeding," which, according to Black, Law Dictionary (2 Ed.), in a gen-eral sense, is the form and manner of conducting ju-ridical business before a court or judicial officer, in-cluding all possible steps in an action from its com-mencement to the execution of judgment. "In a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object," is a "proceeding."

In Morewood v. Hollister, 6 N. Y. 309 l. c. 320 the New York Court of Appeals held that the word "pro-ceedings" covers the steps or measures taken in the course of an action, including all that are taken, "the proceedings" in a suit embracing all matters that oc-cur in its progress judicially.

Learned counsel for appellant, as will be seen by quotations of their points, have themselves, and at least twice, referred to this as "a proceeding."

When the Legislature, in 1907, enacted into the law the words "or other proceeding," it must be assumed that it had proceedings by *scire facias,* as well as all other proceedings in mind; that it intended to include any and all proceedings whatsoever, which before then had been held not to fall within the denomination of actions.

Under this section as amended, as it appeared that the judgment here sought to be revived had been assigned, the proceeding by *scire facias* to revive it could thereafter be carried on in the name of the assignee. It was not necessary to join the representatives of the original plaintiff, but that having been done without objection or exception saved, it is too late to assail it after judgment. If we were to apply the rules governing pleadings to this case and treat an application for *scire facias* to revive a judgment as a petition, misjoinder of parties can only be taken advantage of by demurrer. [Sections 1800 and 1804, Revised Statutes 1909.]

The application to revive a judgment by *scire facias* is not treated as a petition. The *scire facias* to revive it may issue on mere motion, a motion more in the form of a *praecipe* to the clerk than in the form of a petition. [Bick v. Vaughn, 140 Mo. App. 595, 120 S. W. 618.] We do not hold, however, that a petition, if one is filed, is improper: what we do hold is that the rules applicable to a petition are not applicable to test the sufficiency of the motion.

It appears that after the institution of this proceeding, the executors of Judge Reyburn, with the approval of the probate court, had formally executed an assignment of this judgment to the executors of J. B. C. Lucas. A year after the commencement of these proceedings by *scire facias,* counsel for the representatives of Judge Reyburn applied to the court for leave to join these representatives of Lucas as parties. Leave of court was granted and the executors of Lucas, as

assignees of the original judgment, were made parties along with the representatives of Judge Reyburn. No objection or exception whatever on the part of the defendant was made to this, and judgment of revivor went in the names of all of these parties. In the light of many decisions of our court, a change of interest after the institution of a suit does not necessitate the change of the parties, save in case of death of a party, when the representatives are required to be brought in. In all other cases, so far as we now have them in mind, it is unnecessary to change parties because of changes pending the action. But it was done here, and unnecessarily, and the action thereafter carried on in the names of the representatives of Judge Reyburn as well as of those of Mr. Lucas without objection. But this irregularity, and that is all it is, does not render the judgment of revivor a nullity. Nor has defendant been injured by this. There was but one judgment to be revived; satisfaction of that will discharge defendant.

The claim that the Statute of Limitations was a bar because the judgment of revivor was rendered after the lapse of ten years, is without any merit. The claim that Judge Reyburn had assigned the judgment in his lifetime is unproven. Evidence offered and introduced by appellant to show that Judge Reyburn was not the real owner of the note on which the original judgment was founded, and that he had not credited it with payments made before rendition of that judgment, should not have been admitted. The judgment concluded all that. [Glidden-Felt Manufacturing Co. v. Robinson, supra.]

The case was heard by the court, a jury being waived, and testimony introduced as to the payments, the fact of payment being one of the few questions open to inquiry in this proceeding. It became a matter for the determination of the trial court, on the evidence of payments before it, to find the amount of

credits to be allowed on this judgment. The finding of that court on this, supported as it is by substantial testimony, is conclusive on us.

The remaining point, that it was error for the court, in rendering judgment, to also order execution to issue in the name of all these parties as if they were plaintiffs, has no merit. It is true that our statute (section 2158, Revised Statutes 1909) provides that in case of an assignment of a judgment, execution shall issue in the name of the original plaintiff but shall be indorsed by the clerk issuing it to be for the use of the assignee. That would apply if the question had arisen over an execution issued on the original judgment, that judgment assigned. But this is not such a case. The judgment here sought is one of revivor of that judgment; the judgment rendered is one of revivor. There was only one judgment in this case before the court and that was in favor of Valle Reyburn. That is the judgment which was revived to the amount that the court found was due upon it, and in favor of all parties before the court applying for its revivor.

It appears that the executors of Mr. Lucas still have assets on hand, in which, if realized on, defendant has an interest. However that may be, it does not affect the right to have the judgment revived. It will be time enough to determine the right of that, if these executors fail to properly account to defendant for moneys they may hereafter realize and in which he has an interest.

We find no error to the prejudice of defendant in the proceedings at the trial or in the result arrived at. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.