# OCTOBER, 1940.

City of St. Louis, a Municipal Corporation, Plaintiff in Error, v. J. F. Miller et al., Defendants; Congregation Shaare Zedek, a Corporation, Defendant in Error.—145 S. W. (2d) 504.

St. Louis Court of Appeals.   Opinion filed Dec. 19, 1940.

*E. H. Wayman, Francis J. Sullivan* and *Samuel M. Watson* for plaintiff in error.

988

*Louis Yaffe* for Congregation Shaare Zedek, defendant in error.

SUTTON, C.—This is an action, suit, or proceeding, by *scire facias,* for the revival of a judgment in favor of plaintiff City of St. Louis against defendant Congregation Shaare Zedek, hereinafter referred to as the defendant. The judgment was entered on March 7, 1928, for the sum of $177, in a condemnation suit for the widening of Easton Avenue in said city.

The petition for a writ of *scire facias* was filed on March 5, 1938. It described the judgment, alleges that the judgment remains unsatisfied and unpaid, and prays that the judgment be revived, and that a writ of *scire facias* issue commanding defendant to appear and show cause, if any there be, why the judgment should not be revived. Upon the filing of the petition, the court, on the same day, ordered that a writ of *scire facias* issue, as in the petition prayed, commanding defendant to appear, at the April term of said court, and show cause, if any there be, why the judgment should not be revived.

Pursuant to said petition and order, a writ of *scire facias,* dated March 8, 1938, was issued by the clerk, directed to the sheriff of the City of St. Louis. The writ recites that plaintiff City of St. Louis, on March 7, 1928, by the judgment of the circuit court, recovered against defendant the sum of $177 debt, together with interest thereon, and the costs and charges in that behalf expended, that "it has been suggested to us that although judgment thereof is given, yet execution of the debt, interest and costs aforesaid still remain to be levied,

that no part of said judgment has been paid, and said judgment remains unsatisfied and is still due," and commands the sheriff to summon defendant to be and appear in said court on the first day of the next term thereof to be held at the City of St. Louis on the first Monday of April next, then and there to show cause, if any there be, why said judgment should not be revived, and further to do and receive whatever the said court shall then and there adjudge concerning the premises.

On April 5, 1938, defendant filed a motion to dismiss the *scire facias*. The ground for the dismissal, as specified in the motion, is that the writ was issued after ten years from the date of the judgment. On December 31, 1938, the court, having taken the motion to dismiss under advisement, entered its order sustaining the motion and dismissing the *scire facias*.

Plaintiff has brought the case here by writ of error.

Plaintiff insists that the court erred in dismissing the *scire facias*. Defendant justifies the dismissal on the ground that plaintiff did not sue out the *scire facias* within ten years from the rendition of the judgment as required by section 1106, R. S. 1929, Mo. St. Ann., sec. 1106, p. 1401, which reads as follows:

"The plaintiff or his legal representative may, at any time within ten years, sue out a *scire facias* to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment, no *scire facias* shall issue."

In other words, defendant contends that although plaintiff filed its petition for the *scire facias* within ten years, yet, inasmuch as the writ was not issued until after the expiration of ten years, *scire facias* is barred by the limitation of the statute. There is thus raised a question not hitherto decided in this State or elsewhere so far as we are advised.

A *scire facias*, at common law, is defined as a judicial writ, as distinguished from an original writ, founded on some matter of record, such as a judgment or a recognizance. It is also the name used to designate both the writ and the whole proceeding. The writ, at common law, occupies the place of both petition and process, and the filing of a petition is therefore not necessary.

At common law, *scire facias* to revive a judgment is not regarded as a new action or suit, but is regarded as a continuation of the prior proceeding.

Section 724, R. S. 1929, Mo. St. Ann., sec. 724, p. 940, reads as follows:

"Suits may be instituted in courts of record, except when the statute law of this State otherwise provides, either, first, by filing in the office of the clerk of the proper court a petition setting forth the plaintiff's cause or causes of action, and the remedy sought, and by the voluntary appearance of the adverse party thereto; or, second, by filing such petition in such office, and suing out thereon a writ of

summons against the person or of attachment against the property of the defendant. The filing of a petition in a court of record, or a statement or account before a court not of record, and suing out of process therein, shall be taken and deemed the commencement of a suit.''

It has been repeatedly held by our Supreme Court, and the Courts of Appeals as well, that a suit in a court of record is commenced, with the meaning of this section, so as to save the suit from the bar of the Statute of Limitations, when the petition is filed, even though process is not thereafter issued until the period of limitation has run. [McGrath v. St. Louis, Kansas City & Colorado R. Co., 128 Mo. 1, 9, 30 S. W. 329; State ex rel. Blair v. Producers Gravel Co., 341 Mo. 1106, 111 S. W. (2d) 521; South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811; Gosline v. Thompson, 61 Mo. 471; Richards Brick Co. v. Wright (Mo. App.), 82 S. W. (2d) 274, 280; State ex rel. Brown v. Wilson, 216 Mo. 215, 292, 115 S. W. 549; Merchants' Savings and Loan Ass'n v. Ancona Realty Co. (Mo. App.), 78 S. W. (2d) 470.]

The filing of a petition for a writ of *scire facias* to revive a judgment, though proper, is unnecessary. The writ may be applied for by petition, motion or *praecipe*. [Beattie v. Gerardi (Mo.), 214 S. W. 189, 191; Reyburn v. Handlan, 165 Mo. App. 412, 419, 147 S. W. 846; State v. Clifford, 124 Mo. 492, 507, 28 S. W. 5.] The application for the writ, whether it be in the form of a petition, motion, or *praecipe*, does not initiate an original suit. It does, however, initiate the proceeding for the revival of the judgment. In that respect it serves an essential function. It serves no essential function as a pleading. That function is served by the writ. Defendant contends that since the writ serves the double purpose of pleading and process, the proceeding for revival of the judgment is not commenced until the writ is issued, and thus draws a distinction between an original suit and *scire facias*. We regard the distinction as unsubstantial. The underlying principle, supporting the doctrine that the filing of the petition in an original suit is the commencement of the suit so as to save the suit from the bar of the Statute of Limitations though process is not issued until after the period of limitation has run, is that the plaintiff by filing his petition has done all that he can do toward the commencement of the suit. Thus, in State ex rel. Evans v. Broaddus, 245 Mo. 123, l. c. 137, 149 S. W. 473, the court, after reviewing cases announcing this doctrine, said:

''Mark the reasoning of those cases. It is that by filing his petition the party has done all he can do by himself. The issuing of his writ is not in his hands, but in the hands of the clerk and the filing of the petition is tantamount to an order from the party for such writ.''

By parity of reasoning, the same sensible and liberal doctrine should obtain in a proceeding by *scire facias,* where the writ is applied for by petition, motion, or *praecipe.*

The petition filed in the present proceeding not only alleges the recovery of the judgment and its nonpayment, but expressly prays that a writ of *scire facias* issue. Moreover, an order of court was obtained directing that a writ of *scire facias* issue. The petition was filed and the order was obtained within the period of limitation. We know of no more appropriate procedure than this to obtain the issuance of the writ. What more could the plaintiff do to accomplish that end? Must the plaintiff's right to a revival of the judgment be barred merely because of the failure of the clerk to issue the writ within the period of limitation? We think not.

It follows that the order of the circuit court dismissing the *scire facias* should be reversed and the cause remanded. The commissioner so recommends.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The order of the circuit court dismissing the *scire facias* is accordingly reversed and the cause remanded. *Hughes, P. J.,* and *Becker* and *McCullen, JJ.,* concur.