James D. McREYNOLDS and Gloria J. McReynolds, Appellants,

v.

Robert E. VAWTER, Respondent.

No. WD30991.

Missouri Court of Appeals, Western District.

May 5, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 9, 1980.

Application to Transfer Denied July 15, 1980.

Dennis E. Egan, Gage & Tucker, Kansas City, for appellants.

Harlow B. King, Robert E. Fitzgerald, Jr., Dale H. Sizemore, Jr., Hoskins, King, McGannon, Hahn & Hurwitz, Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and KENNEDY, JJ.

WASSERSTROM, Chief Judge.

The question for decision here is whether plaintiffs timely "sued out" a writ of scire facias to revive judgment and lien in their favor. The trial court held that they had not, from which order plaintiffs now appeal. We affirm.

The judgment in question was entered by the circuit court on January 30, 1969. On August 1, 1977, plaintiffs filed an Application for Writ of Scire Facias. Not until January 30, 1979, did plaintiffs' counsel check to ascertain what action, if any, had been taken in the court administrator's office with respect to that application. On January 30, 1979, however, plaintiffs' counsel did investigate this matter and discovered that the custom and practice in the court administrator's office was for counsel to fill out and furnish the requested writ to the administrator's office for further handling. That completed form not having been received, the court administrator's office had merely placed the application in the file without further action.

On February 8, 1979, plaintiffs' counsel completed and furnished to the court administrator a form of writ together with request for summons. These two documents both showed defendant's address to be 8652 Riggs, Overland Park, Kansas—an address different from that which had been given in the 1977 application. The court administrator, upon receipt of these two documents, promptly issued the writ that same day and the writ was served in Johnson County, Kansas, February 13, 1979.

Soon thereafter, on March 8, 1979, defendant filed a Motion to Quash Writ of Scire Facias, on the basis that the writ had not been sued out within the permitted ten year period. The order of the circuit court sustaining that motion gives rise to this appeal.

The legal issue here a to the timeliness of the scire facias is governed by Rule 74.36 which provides:

"The plaintiff or his legal representative may, at any time within ten years, sue out a *scire facias* to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment no *scire facias* shall issue. The *scire facias* may be in the form of an order to show cause issued on motion *ex parte* by the clerk or judge of the court."

Defendant argues that the writ itself is the instrument serving both as the initial pleading and as the summons in the scire facias proceeding, and thus the issuance of that document serves the function of commencing the proceeding. Defendant's argument continues that the writ was not issued until February 8, 1979, more than ten years after the judgment, and therefore came too late.

Plaintiffs rejoin that the commencement of the scire facias proceeding occurred upon the filing of their application for the writ on August 1, 1977. They argue that upon their filing of that application, the issuance of the writ became a clerical duty of the court administrator. They conclude that since the 1977 application was well within ten years of the judgment, the scire facias proceeding is timely.

In support of their position, plaintiffs rely upon *City of St. Louis v. Miller*, 235 Mo. App. 987, 145 S.W.2d 504 (1941). In that case there was a judgment entered March 7, 1928. Plaintiff filed a petition for writ of scire facias on March 5, 1938. Upon the filing of that petition, the circuit court on the same day ordered that a writ of scire facias issue. However, the circuit clerk failed to actually issue the writ until March 8, 1938. The defendant moved to quash the writ on the ground that the issuance was more than ten years after the judgment. The circuit court did quash the writ, but the court of appeals reversed. In so doing, the court of appeals drew an analogy to the problem of when a new suit is deemed "commenced" so as to save the suit from the bar of the statute of limitations. The court cited the line of Missouri cases which holds that when the petition is filed before the period of limitations is expired but process is not issued until after the expiration of that period, the suit is deemed commenced on the date that the petition is filed. The court of appeals' opinion then proceeded as follows:

"The filing of a petition for a writ of scire facias to revive a judgment, though proper, is unnecessary. The writ may be applied for by petition, motion, or praecipe. [citing cases] The application for the writ, whether it be in the form of a petition, motion, or praecipe, does not initiate an original suit. It does however, initiate the proceeding for the revival of the judgment. In that respect it serves an essential function. It serves no essential function as a pleading. That function is served by the writ. Defendant contends that since the writ serves the double purpose of pleading and process, the proceeding for revival of the judgment is not commenced until the writ is issued, and thus draws a distinction between an original suit and scire facias. We regard the distinction as unsubstantial. The underlying principle, supporting the doctrine that the filing of the petition in an original suit is the commencement of the suit so as to save the suit from the bar of the statute of limita-

tions though process is not issued until after the period of limitation has run, is that the plaintiff by filing his petition has done all that he can do toward the commencement of the suit. . . ."

The plaintiffs here emphasize the portions of the above quotation analogizing the application for writ of scire facias to a petition instituting a new suit; and from that they draw the conclusion that their filing of their application in 1977 should bring this situation within the line of cases relied on in *Miller*. Defendant, on the other hand, emphasizes that the part of *Miller* decision which states that the underlying principle to be considered is whether the plaintiff "has done all that he can do toward the commencement of the suit."

In the present situation, plaintiffs' counsel clearly did not do all that he could have done. His application lay dormant and untended in the court file for eighteen months. Long before the expiration of that period, counsel should have checked to find out what if anything was going on. Yet his testimony shows that he stood by all of that time doing nothing. His testimony in this regard was as follows:

"THE COURT: What happened between the 18 months, between August of—

MR. EGAN [plaintiffs' counsel]: Nothing.

THE COURT: August 1, 1977 and January 30, 1979?

MR. EGAN: In all frankness, nothing and that's the problem with the thing is that I did not think that there was anything that had to happen and it never occurred to me that to find out until the time came up and then I find out that it had not issued and I scurried around and finally got the thing filled out . . ."

■ Even if we follow by analogy the general rule that the filing of a new suit shortly before the expiration of the period of limitations interrupts the running of limitations even though service occurs after the stated statutory period, nevertheless

there is a corollary or exception to that general rule, and it is the corollary rather than the general rule which is applicable here. Although it is unquestionably true that the new suit is deemed commenced for purposes of limitations when the petition is filed, yet that "commencement" is merely conditional and lapses if the plaintiff fails to prosecute his suit with due diligence. As stated in *Driscoll v. Konze*, 322 S.W.2d 824, 828[4] (Mo.1959), a case involving scire facias: "Although statutes of limitations are satisfied when a suit is commenced prior to the running of the statute by filing a petition and having a summons issued thereon, there nevertheless may be such delay and lack of diligence in the issuance of other proper process as to cause a discontinuance of a properly instituted action, and thus a period of limitations which expires in the meantime will be an effective bar to the continuation of the action."

 Thus, for example, if the plaintiff furnishes the court clerk with an incorrect address for service upon the defendant, and if as a consequence the sheriff is forced to make a non est return, the burden then falls upon the plaintiff to go further and furnish the clerk with a new and corrected address with due dispatch.[1] If the plaintiff unduly delays in giving such a new address, the bar to limitation lapses and the statute of limitations may then be interposed as a complete defense. *Driscoll v. Konze, supra* (13 months held unreasonable delay); *Blanks v. Cantwell,* 578 S.W.2d 349 (Mo. App.1979) (3 years held unreasonable delay); *Allen v. Curry,* 568 S.W.2d 582 (Mo. App.1978) (approximately 2½ years held unreasonable delay). *Cf. Votaw v. Schmittgens,* 538 S.W.2d 884 (Mo.App.1976) (8 months delay held not unreasonable); *Emanuel v. Richards,* 426 S.W.2d 716 (Mo.App. 1968) (9 months delay held not unreasonable under the particular circumstances of that case).

1. It is to be noted that the address at which defendant was ultimately served in 1979 was different that the one given by plaintiffs' counsel in his 1977 application. However, the record does not reveal whether defendant still resided in 1977 at the address given in the 1977

 Plaintiffs' long, unexcused eighteen month delay in prosecuting the application dated August 1, 1977, was unreasonable. Plaintiffs therefore should not and will not be allowed to rely upon that 1977 application to escape the running of the ten year period of limitations provided by Rule 74.36.

Affirmed.

All concur.

application, so that he could have been served there at that time. Because of lack of any showing in that regard, this matter of difference in addresses will not be pursued nor attributed any significance in this opinion.