Helen M. SCHMIDT, Plaintiff-Appellant,

v.

Melvin A. SCHMIDT,
Defendant-Respondent.

No. 43039.

Missouri Court of Appeals,
Eastern District,
Division No. 3.

May 12, 1981.

James A. Stemmler, Pollock, Ward, Mohrman, Ward, Stemmler & Hamilton, St. Louis, for plaintiff-appellant.

Randall S. Parker, Parker & Barnett, St. Louis, for defendant-respondent.

SNYDER, Judge.

This appeal arises from appellant's attempt to revive, by writ of scire facias, Rule 74.36, a 1966 decree of divorce from respondent which obligated respondent to pay child support in the amount of $12.50 per week for each of four children.

The appeal challenges the trial court's orders setting aside an interlocutory default judgment and dismissing appellant's application for writ of scire facias for failure to state a cause of action. The trial court's action in setting aside the "default" will not be disturbed. The trial court's action in dismissing appellant's application is reversed.

Appellant's first point relied on charges the trial court erred in setting aside, pursuant to Rule 74.05, the interlocutory default judgment because respondent did not show good cause to set aside the default and because respondent never properly moved to file his pleading late due to excusable neglect. Appellant's point is ruled against her.

On March 23, 1980, the appellant filed a motion for default and inquiry combined with a motion to strike respondent's motion to dismiss filed March 14, 1980. Appellant's motion for default and inquiry was based upon the ground respondent's answer to the writ of scire facias was due by March 13, 1980 but had not been timely filed. The trial court's docket sheet is stamped with a printed notation "default and inquiry granted" dated March 23, 1980. The docket entry is not signed by the trial judge.

After a hearing on May 9, 1980, the trial court entered an order denying appellant's motion to strike respondent's motion to dismiss. The court also set aside the default and inquiry.[1]

In its present state, the record does not establish that the trial court ever entered an interlocutory default judgment pursuant to Rule 74.045. The customary circuit court Memorandum for Clerk stating "default and inquiry granted" and signed by the judge was never filed. The "judgment" upon which appellant relies is a stamped and unsigned entry on the judge's docket sheet. A judgment is not made invalid for want of the trial court's signature, and the failure to sign a judgment is a clerical error which can be corrected through a nunc pro tunc entry only if the trial judge's minutes, the clerk's entries, or some other portion of the record shows the judge actually made but forgot to sign the memorandum of judgment. *Gordon v. Gordon*, 390 S.W.2d 583, 586–587 (Mo.App. 1965). But no such correction was made here.

There is no indication in the record other than the unsigned, date-stamped docket entry that the trial court granted appellant's motion for an interlocutory default judgment.[2] There has been no showing the trial court actually made the judgment upon which appellant would rely.

Appellant's second point relied on charges the trial court erred when it granted respondent's motion to dismiss appellant's application for the writ. Appellant also contends the court erred in considering, over objection, respondent's evidence contradicting the allegations of appellant's petition. Appellant's second point has merit.

Respondent's motion to dismiss appellant's application for writ of scire facias for revival of judgment was based upon the assertion more than ten years had elapsed between the 1966 divorce decree and the 1980 writ of scire facias and that, therefore,

---

1. The trial court has the power to set aside a Rule 74.045 interlocutory default judgment prior to the assessment of damages or rendition of final judgment. Rule 74.05.

2. The docket sheet is evidently not painstakingly accurate. Although the respondent's responsive pleading is file stamped March 14, 1980, the docket sheet indicates the pleading was filed March 18, 1980.

the judgment was presumed paid pursuant to § 516.350, RSMo 1978[3] and no scire facias could issue pursuant to § 511.370. Respondent's motion was silent as to appellant's allegation that:

"from November 24, 1968 to March 2, 1978, the [respondent] absconded, concealed himself, falsely and fraudulently led [appellant] to believe that a revival would be fruitless (on which [appellant] relied), and engaged in other improper acts preventing the prior commencement of these [revival] proceedings."

In addition, respondent's motion was not accompanied by affidavits or other evidentiary support in the form of exhibits.

At the hearing on the respondent's motion to dismiss, the trial court admitted evidence by respondent that he had not made a March 5, 1978 child support payment as claimed by appellant and evidence tending to show that respondent had never absconded or concealed himself from appellant. Appellant objected to respondent's evidence because such evidence went beyond testing the sufficiency of appellant's petition on its face.

Following a hearing, the trial court granted respondent's motion to dismiss. No findings of fact and conclusions of law were requested or filed.

■ Unless matters outside the pleadings are presented by what has been called a "speaking motion" to dismiss and not excluded by the trial court, the trial court is confined to the face of the pleadings in ruling upon a motion to dismiss. *Helbig v. Murray*, 558 S.W.2d 772, 774[1, 2] (Mo.App. 1977); *Fine v. Waldman Mercantile Co.*, 412 S.W.2d 549, 551[1] (Mo.App.1967). The trial court's power to expand the scope of the motion to dismiss and to treat a motion to dismiss as one for summary judgment pursuant to Rule 55.27(a)[4] is dependent upon the matters raised by the motion and at-

tendant filings. See *Defford v. Zurheide-Hermann, Inc.*, 536 S.W.2d 804, 808[1–3] (Mo.App.1976); *Talkington v. J. S. Alberici Construction Co.*, 528 S.W.2d 5, 7 (Mo.App. 1975). The trial court's ability to treat a motion as a speaking motion to dismiss or motion for summary judgment at the time of the hearing on the motion is also limited. *Talkington v. J. S. Alberici Construction Co., supra* at 7[4]. At least, the opponents of the motion must be given a reasonable opportunity to prepare and present proof in opposition to matters outside the pleadings not raised by the motion. *Talkington v. J. S. Alberici Construction Co., supra; State ex rel. Dalton v. Mattingly*, 275 S.W.2d 34, 40[17] (Mo.App.1955).

■ Respondent's motion to dismiss did not dispute appellant's allegations of partial payment of the judgment or fraudulent conduct preventing commencement of the scire facias proceedings, and evidence controverting appellant's allegations which was presented at the hearing upon respondent's motion to dismiss was improperly received and should have been excluded by the trial court. *Talkington v. J. S. Alberici Construction Co., supra* at 7. The trial court should not have treated the respondent's motion to dismiss as a motion for summary judgment.

■ If the motion to dismiss is not a "speaking motion" to dismiss, equivalent to a motion for summary judgment, the court merely rules whether the plaintiff has stated a claim. *Shapiro v. Columbia Union National Bank & Trust Co.*, 576 S.W.2d 310, 315[2] n. 6 (Mo. banc 1978), cert. denied 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). In so doing, the court gives the petition its broadest intendment, accepts all facts averred therein as true, construes all averments liberally and favorably to the plaintiff and determines whether the averments invoke principles of substantive law upon which relief can be granted to a plaintiff. *Shapi-*

---

**3.** All statutory references are to RSMo 1978 unless otherwise noted.

**4.** Both parties in their briefs designate respondent's motion as a motion to dismiss for failure to state a cause of action. However, the mo-

tion does not ask for dismissal for failure to state a cause of action but instead is based on the ten year limit for revivals of judgments. It is treated here as a motion to dismiss for failure to state a cause of action.

*ro v. Columbia Union National Bank & Trust Co., supra* at 312[1]; *City of Kansas City v. Mary Don Co.*, 606 S.W.2d 411, 413–414[1] (Mo.App.1980). If the petition invokes such substantive principles of law, the petition should not be dismissed. *City of Kansas City v. Mary Don Co., supra* at 414[1].

■ The alleged defect in appellant's application upon which respondent's motion to dismiss is based is that the 1966 judgment appellant sought to be revived is barred by § 516.350 and § 511.370 because the judgment was entered more than ten years prior to initiation of scire facias proceedings in 1979. Section 516.350 provides that judgments "shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof" unless within the ten years, a judgment has been revived upon personal service upon the judgment debtor or unless a payment has been made upon the judgment and entered upon the record. Section 511.370 provides:

"The plaintiff or his legal representative may, at any time within ten years, sue out a scire facias to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment, no scire facias shall issue."

The appellant contends her action is not barred by § 516.350 and § 511.370 because she alleged a partial payment on the judgment was made by the respondent on March 5, 1978 and because the statute of limitations on her scire facias proceedings was tolled by § 516.280 which provides:

"If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented."

Appellant's contention partial payments including a payment made March 5, 1978 tolled § 516.350 is answered by *Pourney v.*

*Seabaugh*, 604 S.W.2d 646, 649–650[1–3] (Mo.App.1980). To toll the presumption of satisfaction of the judgment pursuant to § 516.350 the partial payments made on the judgment must be entered on the judgment record. *Pourney v. Seabaugh, supra*. No payments on the 1966 judgment were ever entered on the record in the case sub judice. Any unrecorded payments claimed by appellant would not toll the operation of § 516.350.

■ Appellant has also contended, however, that respondent engaged in improper acts preventing the prior commencement of appellant's revival proceedings. Appellant contends she thus falls within the purview of § 516.280 which tolls the limitations embodied in § 516.350 and § 511.370.

Neither party has cited a case dispositive of the issue whether a party's abscondence, concealment or other improper act preventing the commencement of an action, which tolls the statutes of limitation under § 516.-280, would toll the operation of either § 516.350 providing for a presumption of payment of the judgment after ten years or § 511.370 providing the judgment creditor may sue out a scire facias within ten years after judgment. Neither has research revealed a dispositive case.[5]

Respondent argues § 516.280 is unrelated to §§ 516.350 and 511.370 and would not toll the ten year bar against appellant's revival proceedings. Respondent has cited *Hedges v. McKittrick*, 153 S.W.2d 790, 793–794[1] (Mo.App.1941) as supportive of his position that nothing is allowed to interrupt the running of the statutes of limitation against a judgment, § 516.350 and its predecessor statutes, save some exception found in the statute itself.

Section 516.350, however, is tolled by a revival of the judgment. Therefore, if revival of the judgment by scire facias is an action and commencement of a revival proceeding is prevented by improper acts, § 516.280 would toll operation of § 511.370 and thereby § 516.350.

---

**5.** The question was raised in *Davis v. Carp*, 258 Mo. 686, 167 S.W. 1042 (1914), but the supreme court expressly declined to answer,

holding that the evidence asserted in support of the claim of prevention of the commencement of proceedings was insufficient.

The critical question is whether appellant's revival proceeding is an "action" so that § 516.280 applies.

Historically, a writ of scire facias is not a new action but is merely a further proceeding in the same action based upon the original judgment. *McReynolds v. Vawter*, 600 S.W.2d 159, 161–162[1–3] (Mo.App.1980); *Nelson v. Hammet*, 343 S.W.2d 75, 78[7, 8] (Mo.1961). Nonetheless, application for scire facias is analogized to the commencement of an action for the purpose of the application of the statutes of limitation. *McReynolds v. Vawter, supra*. No policy reason has been suggested why § 516.280 should not toll the statutes of limitation based upon improper acts preventing the initiation of scire facias proceedings. Because personal service on the judgment debtor is necessary in order for a revival to bar the presumption of payment of § 516.-350, *Driscoll v. Konze*, 322 S.W.2d 824, 830–831[8] (Mo.1959), cert. denied 360 U.S. 931, 79 S.Ct. 1450, 3 L.Ed.2d 1545 (1959), the policies prompting a tolling statute such as § 516.280 would be equally applicable in scire facias proceedings.

Appellant's allegation that respondent absconded or concealed himself or otherwise acted improperly so as to prevent commencement of scire facias proceedings would bring appellant's proceedings within the tolling provisions of § 516.280. Appellant's allegations stated a cause of action, and the trial court erred in granting the motion to dismiss.

The judgment is reversed and the cause remanded.

CRIST, P. J., and STEWART, J., concur.