**Ray STRUNK, Plaintiff–Appellant,**

v.

**COMMERCIAL PLASTICS COMPANY, INC., and First National Bank, Republic, Missouri, Defendants–Respondents.**

No. 16589.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 21, 1990.

Motion for Rehearing or to Transfer
Denied Dec. 11, 1990.

Richard L. Schnake, Neale, Newman, Bradshaw & Freeman, Springfield, for plaintiff-appellant.

Fred Charles Moon, Parker F. Moon, O.J. Taylor, Springfield, for defendants-respondents.

FLANIGAN, Chief Judge.

Plaintiff Ray Strunk brought this action against defendants Commercial Plastics Company, Inc., a Missouri corporation, and First National Bank, Republic, Missouri, a national bank, seeking to enforce a judgment lien against an undivided ½ interest in certain real estate located in Greene County. This interest will be referred to

as "the land." The trial court sustained defendants' motion for summary judgment and entered judgment in their favor. Plaintiff appeals.

This appeal hinges on whether a judgment lien based on a judgment Strunk obtained against one Clarence W. Franks, Jr. in a separate and earlier action ("the prior action") is superior to the respective interests of the defendants. The first named defendant is a grantee of the land, and the bank is a mortgage holder. Their interests are derived through Franks. The judgment in the prior action, which was a proceeding in the Circuit Court of Greene County, was based upon a jury verdict.

The following is a chronology of significant events in the prior action:

May 13, 1980—
Jury returns verdict in favor of plaintiff Strunk and against defendant Franks for $22,000.

May 28, 1980—
Franks files motion for new trial.

August 12, 1980—
Franks' motion for new trial overruled.

May 13, 1983—
Franks obtains title to the land. Strunk files application for a writ of scire facias to revive lien of judgment.[1]

May 19, 1983—
Strunk's application sustained and writ issued. Franks ordered to appear on June 7, 1983, to show cause why lien should not be revived.

June 1, 1983—
Franks executes deed of trust in favor of his son.[2]

June 7, 1983—
Frank fails to appear. Court enters order reviving lien of judgment.

In general, the ground of the motion for summary judgment, as stated in defen-

dants-respondents' brief, was this: "Since the writ of scire facias was issued on May 19, 1983, after expiration of the lien on May 13, 1983, the revived judgment entered on June 7, 1983, does not take precedence over an intermediate encumbrance which became a lien [on the land] between the time that the lien expired (May 13, 1983) and the date the Order Reviving Judgment was rendered and entered (June 7, 1983), since revival runs only from the rendition of the judgment of revival as provided in Rule 74.37, Missouri Rules of Court (1983 ed.). At the time Strunk attempted to revive his judgment lien in 1983, there was no provision in the civil rules that made the judgment lien and revival thereof retroactive to the expiration of the judgment if the writ of scire facias was issued after the judgment lien expired."

On this appeal, Strunk advances two independent grounds in support of his assertion that the trial court's judgment is erroneous and that his judgment lien is superior to defendants' interests in the land. The grounds are: (1) there was no lapse in the judgment lien in that Strunk's first application for a writ of scire facias was filed before the lien expired, "Strunk did all that he could do by filing such application, he had a right to the writ, and he had a right to rely upon the timeliness of the writ"; (2) there was no lapse in the judgment lien in that "the 1983 revival proceedings were commenced and completed before the lien expired, since the three-year lien period ran from August 12, 1980, the date the trial court overruled [Franks' motion for new trial] and not from May 13, 1980, the date of the jury verdict itself."

For the reasons which follow, this court holds that ground (1) is sound and requires reversal of the judgment. It is therefore unnecessary to examine ground (2).[3]

---

1. Although these two events took place on the same day, it is of no moment which one preceded the other or whether they occurred simultaneously. Since the judgment lien was alive that day, as this court holds, it attached to the land and remained in effect because there was no subsequent lapse.

2. The validity of this instrument, which was subsequently foreclosed and through which de-

fendants claim their respective interests, is not challenged in this proceeding.

3. With respect to ground (2), see *Sterling v. Parker–Washington Co.,* 185 Mo.App. 192, 170 S.W. 1156, 1159[2–4] (1914), involving a judgment entered on a jury verdict. 170 S.W. at p. 1159 the court said:
   "While it is true that a judgment does not become final so long as a motion for a new

In 1983, when the scire facias proceedings took place in the prior action, the matters of a judgment lien, scire facias proceedings to revive a judgment and lien, and judgment of revival were dealt with by several rules, (Rules 74.34 through 74.42), which, in 1988, were superseded by present Rules 74.08, 74.09 and 74.10. As used in this opinion, a reference to an "old rule" refers to the 1983 edition, Missouri Rules of Court, and a reference to a "rule" refers to present rules, that is, rules contained in Missouri Rules of Court, V.A.M.R.

Old Rule 74.34 reads, in pertinent part:

"Judgments ... by any Missouri court of record ... shall be liens on the real estate which belongs to the persons against whom they are rendered, and which is situated in the county for which or in which the court is held."

Old Rule 74.35 reads, in pertinent part:

"The lien of a judgment or decree shall extend as well to the real estate acquired after the rendition thereof, as to that which was owned when the judgment or decree was rendered. Such liens shall commence on the day of the rendition of the judgment, and shall continue for three years, subject to be (sic) revived as hereinafter provided; ..."

Old Rule 74.36 reads:

"The plaintiff ... may, at any time within ten years, sue out a *scire facias* to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment no *scire facias* shall issue. The *scire facias* may be in the form of an order to show cause issued on motion *ex parte* by the clerk or judge of the court."

Old Rule 74.37 reads:

"If a *scire facias* be issued after the expiration of the lien, and a judgment of revival is afterward rendered, such revival shall only take effect from the rendition thereof, and shall not prevail over intermediate encumbrances."

Old Rule 74.38 reads:

"If a *scire facias* is issued to revive a judgment and lien, and a judgment of revival is afterward rendered, although it may be after the expiration of the lien, yet the said lien shall prevail over all intermediate encumbrances."

Old Rule 74.39 reads:

"The *scire facias* shall be served on the defendant ... and be directed to and executed in any county in this state. All such cases shall be tried as provided for in these rules."

Old Rule 74.42 reads:

"If upon the service of the *scire facias* or publication as aforesaid, the defendant, or any of his creditors, do not appear and show cause against reviving the judgment or decree, the same shall be revived, and the lien continued for another period of three years; and so on, from time to time, as often as may be necessary."

In *State v. Kirkwood*, 361 Mo. 1194, 239 S.W.2d 332 (banc 1951), our supreme court discussed revival proceedings instituted by suing out a scire facias. The court enunciated the principles set forth in the following five paragraphs.

A proceeding by the issuance of a writ of scire facias to revive a judgment is not a new action. It is not even an "action" within the legal meaning of the word. It is a mere "special proceeding" in continuance

trial is pending and undisposed of, and the time for taking an appeal or suing out a writ of error is to be reckoned from the overruling of such motion ... it cannot be doubted, we think, that when, as here, a judgment is at once entered upon a verdict, there is a judgment in the case, and the cause of action is then merged in that judgment. The judgment, however, remains under the control of the court, during the term at which it was so rendered, even though no motion for a new trial be filed, subject to being vacated or set aside; and a motion for new trial will carry it

over from term to term until the court acts upon the motion. That the law recognizes the existence of the judgment from the date of its original entry appears from the fact that *it constitutes from the day of such entry an inchoate lien upon the defendant's property— subject, of course, to be defeated by the setting aside of the judgment—becoming a consummate lien in the event the motion for a new trial is thereafter overruled, and such lien then relating back to the date of the original entry of the judgment.*" (Citing authorities; emphasis added.)

of and ancillary to the former suit in which the judgment was obtained. It is but supplementary to aid in the recovery of a debt evidenced by the original judgment.

█ Upon scire facias proceedings the court cannot inquire into merits of the original judgment and there can be no change of venue. The judgment upon scire facias proceedings is not a new judgment but merely extends the life of the old judgment and authorizes execution to issue.

A scire facias proceeding is one wherein the judgment debtor may come into court and file a pleading wherein he may show cause, if any he has, why the original judgment should not be revived. Scire facias is not limited to the preservation of a lien. It is designed to revive the judgment itself and give it a new vitality. If the writ of scire facias is issued prior to the expiration of ten years from the date of the judgment, the order of revival may be made after the expiration of such ten-year period.

The writ of scire facias is a judicial writ. It is not an original writ such as a summons. A proceeding by scire facias for the single purpose of reviving and continuing the force of a judgment theretofore rendered is not even a proceeding in personam. The effect of an order of revivor is to vitalize and make subject to execution a general personal judgment theretofore entered.

A scire facias proceeding is a special proceeding in which notice by publication is authorized. No distinction can be made between a special proceeding to revive a judgment which has been made a lien on real estate and a special proceeding to revive a general personal judgment. It is not necessary that there be personal service of the writ of scire facias within the state where the original judgment was rendered.

The jury verdict in the prior action was returned on May 13, 1980. Under Rule 78.04, in effect in 1980, and, with an exception not applicable here still in effect, "judgment shall be entered as of the date of the verdict." Therefore, the earliest date for the judgment in the prior action is May 13, 1980.

Old Rule 74.35, dealing with a judgment lien, reads, in pertinent part: "... Such lien shall commence on the day of the rendition of the judgment, and shall continue for three years, subject to be (sic) revived as hereinafter provided; ..."

Rule 44.01(a), which was in effect in 1983 and is still in effect, reads in pertinent part:

"(a) *Computation.* In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday...."

If the judgment lien arose on May 13, 1980, the date of the verdict, and it is clear that it arose no sooner, the three-year period in old Rule 74.35 did not commence to run until May 14, 1980, because, under Rule 44.01(a), the day of the act or event—in this case the date of the judgment—is not to be included. Thus, the three-year period mentioned in Rule 74.35 commenced no earlier than May 14, 1980, and ran until, and including, May 13, 1983. See *Putnam v. Stix, Baer & Fuller,* 795 S.W.2d 620, 621[1] (Mo.App.1990). The lien of the judgment was still alive on May 13, 1983, and, absent revival, would not expire until the following day.[4]

On May 13, 1983, Strunk filed, in the prior action, a verified document entitled "Application for Writ of Scire Facias." In

---

4. There are some Missouri cases containing statements to the effect that the lien of a judgment expires three years to the day after its date of entry. E.g. *Pruellage v. De Seaton Corp.,* 407 S.W.2d 36, 39 (Mo.App.1966), where the court said: "It will be observed that the statutory lien created by the judgment entered August 12, 1952, expired three years thereafter, namely on August 12, 1955." A similar statement is found in *Jones v. Bradley,* 176 S.W.2d 72, 74 (Mo.App. 1943). These statements are dicta since in neither case was the *precise* date of expiration significant.

that application Strunk stated, among other things, that he had recovered the judgment against Franks for "$22,000 and costs," and that the amount presently due and owing on said judgment was "$22,000 plus costs." The application prayed that the judgment and the lien thereof be revived and continued "against the real estate of the said [Franks], and that a writ of scire facias issue commanding Franks to show cause why the judgment should not be revived in the amount aforesaid."

On May 19, 1983, a writ of scire facias was issued, over the signature of the circuit judge, directing the sheriff to summon Franks to appear in court on June 7, 1983, to show cause why the judgment and the lien should not be revived and the lien continued for another period of three years. Franks was served with the writ on May 24, 1983. On June 7, 1983, Franks having failed to appear, the court entered its order reviving the judgment.

Long ago our supreme court held that the writ of scire facias "may issue as of course out of the clerk's office, without leave of court being first had." *Goddard v. Delaney*, 181 Mo. 564, 80 S.W. 886, 891[3] (1904). Similarly, in *Reyburn v. Handlan*, 165 Mo.App. 412, 147 S.W. 846, 848 (1912), the court said:

"The application to revive a judgment by scire facias is not treated as a petition. The scire facias to revive it may issue on mere motion, a motion more in the form of a praecipe to the clerk than in the form of a petition. *Bick v. Vaughn*, 140 Mo.App. 595, 120 S.W. 618. We do not hold, however, that a petition, if one is filed, is improper: what we do hold is that the rules applicable to a petition are not applicable to test the sufficiency of the motion."

In *Nelson v. Hammet*, 343 S.W.2d 75, 77 (Mo.1961), the court pointed out that the writ may be applied for by petition, although it is not necessary, "because those matters and things that would ordinarily be necessary to aver in a petition appear in the writ itself." The court also said that old Rule 74.36 specifically authorizes issuance of the writ on motion ex parte.

"As a general rule, statutory provisions of a general nature which, to avoid extinction by limitation, prescribe commencement of a revival or renewal proceeding within the limitation period, are construed to contemplate completion of the first step or steps required in the commencement of the proceeding under the prevailing practice, so that a judgment or order of revival or renewal made after the expiration of the limitation period is valid where it represents a lawful culmination of the proceeding or action thus commenced."

46 Am.Jur.2d, Judgments, § 376.

Consistent with that principle are Missouri cases holding that if the writ of scire facias is issued prior to the expiration of ten years from date of the judgment, the order of revival may be made after the expiration of such ten-year period. *Nelson, supra*, at 78[8]; *Driscoll v. Konze*, 322 S.W.2d 824, 827 (Mo.1959); *Kennedy v. Boden*, 241 Mo.App. 86, 231 S.W.2d 862, 865[2] (1950). See old Rule 74.38, supra; Anno. 52 A.L.R.2d 672 (Judgment–Revival–Time of Order).

On May 13, 1983, when Strunk filed the application for writ of scire facias in the prior action, the judgment lien was still alive. Thereafter, the scire facias proceedings were handled with dispatch and culminated in the order of June 7, 1983, which revived the judgment. There was no undue delay on the part of Strunk in obtaining the order of revival.

■ This court holds that the lien of the judgment did not expire and that the foregoing facts bring this case under old Rule 74.38, supra, rather than under old Rule 74.37, supra. This holding is based on the principles enunciated in *City of St. Louis v. Miller*, 145 S.W.2d 504 (Mo.App.1940), ("*Miller I*"), and its companion case, *City of St. Louis v. Miller*, 155 S.W.2d 565 (Mo.App.1941), ("*Miller II*"). Further, there was no neglect on the part of Strunk serving to deprive him of the benefit of the *Miller* principles. Examples of such neglect are found in *McReynolds v. Vawter*, 600 S.W.2d 159 (Mo.App.1980), *Driscoll v. Konze*, 322 S.W.2d 824 (Mo.1959), and *In re*

*Jackman's Estate*, 344 Mo. 49, 124 S.W.2d 1189 (1939).

In *Miller I* a judgment was entered on March 7, 1928. On March 5, 1938, the plaintiff filed a petition for a writ of scire facias. On the same date the court ordered that a writ of scire facias issue. On March 8, 1938, the clerk issued the writ. On April 5, 1938, defendant filed a motion to dismiss the writ of scire facias, contending that although the petition was timely, the proceeding was barred "inasmuch as the writ was not issued until after the expiration of ten years." The trial court agreed and dismissed the scire facias proceeding.

The court of appeals, reversing the trial court's order of dismissal, pointed out that an ordinary lawsuit is commenced, so as to save the suit from the bar of the statute of limitations, when the petition is filed, although process is not issued until after the period of limitations has run. The court said that the filing of a petition for writ of scire facias to revive a judgment, although proper, is unnecessary and that application for the writ could be made by petition or motion or praecipe. The court said, 145 S.W.2d at 506:

"The application for the writ, whether it be in the form of a petition, motion, or praecipe, does not initiate an original suit. It does, however, initiate the proceeding for the revival of the judgment. In that respect it serves an essential function. It serves no essential function as a pleading. That function is served by the writ. Defendant contends that since the writ serves the double purpose of pleading and process, the proceeding for revival of the judgment is not commenced until the writ is issued, and thus draws a distinction between an original suit and scire facias. We regard the distinction as unsubstantial. The underlying principle, supporting the doctrine that the filing of the petition in an original suit is the commencement of the suit so as to save the suit from the bar of the statute of limitations though process is not issued until after the period of limitation has run, is that the plaintiff by filing his petition has done all that he can do toward the commencement of the suit.

Thus, in *State ex rel. Evans v. Broaddus*, 245 Mo. 123, loc. cit. 137, 149 S.W. 473, loc. cit. 476, Ann.Cas. 1914A, 823, the court, after reviewing cases announcing this doctrine, said: 'Mark the reasoning of those cases. It is that by filing his petition the party has done all he can do by himself. The issuing of his writ is not in his hands, but in the hands of the clerk, and the filing of the petition is tantamount to an order from the party for such writ.'

"By parity of reasoning, the same sensible and liberal doctrine should obtain in a proceeding by scire facias, where the writ is applied for by petition, motion, or praecipe.

"The petition filed in the present proceeding not only alleges the recovery of the judgment and its nonpayment, but expressly prays that a writ of scire facias issue. Moreover, an order of court was obtained directing that a writ of scire facias issue. The petition was filed and the order was obtained within the period of limitation. We know of no more appropriate procedure than this to obtain the issuance of the writ. What more could the plaintiff do to accomplish that end? Must the plaintiff's right to a revival of the judgment be barred merely because of the failure of the clerk to issue the writ within the period of limitation? We think not."

It is true that in *Miller I* both the application for the writ and the order directing the clerk to issue the writ were obtained within the period of limitation, while in the present case there was no such order. However, an order directing the clerk to issue the writ is unnecessary. The writ may issue as of course out of the clerk's office "without leave of court being first had." *Goddard, supra.*

In *Continental Electric Co. v. Ebco, Inc.*, 375 S.W.2d 134 (Mo.1964), a case not involving a scire facias proceeding, the supreme court cited, with apparent approval, *Miller I*. See also *Nitcher v. Newton County Jail*, 751 S.W.2d 800, 804 (Mo.App. 1988).

In *Miller II* the court reaffirmed the principles enunciated in *Miller I* and then said, 155 S.W.2d at 567:

"The fundamental basis of all statutes of limitation is the arbitrary fixing by the Legislature of the time within which a right shall be asserted, and unless otherwise specifically provided such statutes affect the remedy only without regard to the merits of the claim. In this case plaintiff asserted its right to the writ of scire facias within the time fixed by [old Rule 74.36]. It pursued not only the appropriate course but the only course it had, to wit, to apply to the court in which the judgment was rendered for a writ of scire facias. Having thus timely asserted its right, it had done all that it could do and had a right to rely upon the prompt issuance of the writ."

Although *Miller I* and *Miller II* involved proceedings to revive the judgment rather than, as here, to continue the lien, the same reasoning applies.

In *McReynolds* a judgment was entered on January 30, 1969. On August 1, 1977, plaintiffs filed an application for a writ of scire facias but did nothing further until January 30, 1979, when plaintiffs' counsel inquired what action the court administrator's office had taken. Counsel was informed that the practice was for counsel to fill out a certain form. Counsel did not fill out that form until February 8, 1979. The court held that plaintiffs' "long, unexcused eighteen month delay in prosecuting the application dated August 1, 1977, was unreasonable," and that plaintiffs "should not and will not be allowed to rely upon that 1977 application to escape the running of the ten year period of limitations provided by [old] Rule 74.36."

In *Driscoll*, a scire facias proceeding, the court held that plaintiff's delay for more than a year in applying for an alias scire facias worked a discontinuance of the judgment. The court said, 322 S.W.2d at 829:

"We think it is not possible to satisfactorily state even general standards by which it may be determined when and under what circumstances one's lack of diligence to proceed in the issuance of process may amount to a discontinuance of the action or destroy the effectiveness of a pending proceeding. Each situation must depend upon all the circumstances in which the relevant facts appear."

In *In re Jackman's Estate*, 344 Mo. 49, 124 S.W.2d 1189 (1939), there is dictum to the effect that if claimant had sued out a writ of scire facias before the lapse of the ten-year limitation period, and then had let the matter ride with no further attention, for a period of "11 years, 10 months, and 20 days" after the judgment, the scire facias proceeding would be deemed discontinued and thus ineffective.

Strunk's application was filed on the last day, absent revivor, that the judgment lien was in effect. He was entitled on that day to issuance of the writ, and it was the duty of the clerk to issue it. The ensuing proceedings culminating in the entry of the judgment of revivor took place within a month.

This court holds that old Rule 74.38 applies in this situation, that there was no lapse in the judgment lien, and that it is superior to the respective interests of the defendants in the land.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

PARRISH, P.J., and HOGAN, J., concur.