DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHNNIE TERESA MARCHISIO,**
Appellant,

v.

**C. MACK GURLEY,**
Appellee.

No. 4D2023-0731

[December 20, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 2020CA001281.

Johnnie Teresa Marchisio, St. Lucie, pro se.

No appearance for appellee.

MAY, J.

A judgment debtor appeals an order denying her motion to dissolve a writ of garnishment. She argues the trial court erred in denying the motion because (1) the deceased judgment creditor lacked standing to obtain the writ, (2) the garnished funds are exempt from garnishment, and (3) the judgment debtor's attorney's charging lien is superior. We agree with her on the first issue and reverse. We affirm on the other two issues.

- ***The Facts***

In 2018, the creditor obtained a judgment against his daughter and her spouse in Mississippi. In 2019, the creditor died. In 2020, an attorney executed a creditor's affidavit on behalf of the deceased judgment creditor in Florida. Weeks later, an attorney for the deceased judgment creditor domesticated the Mississippi judgment in St. Lucie County, Florida. Nearly two years later, the judgment was recorded with the Florida Secretary of State.

In November 2022, the deceased judgment creditor's attorney moved for a continuing writ of garnishment against settlement proceeds the

judgment debtor was awarded in an unrelated federal court age discrimination case. In the federal case, a jury had awarded the judgment debtor $13,000 for lost wages and $1,000 in emotional distress damages.

The garnishee's attorney filed a response confirming possession of the judgment monies in a trust account. The trial court issued the garnishment writ. The attorney, who represented the judgment creditor in the age discrimination case, filed a motion to dissolve the garnishment writ. The motion set forth three reasons to grant the motion.

First, Mississippi law extinguishes the right to execute on a judgment when the creditor dies. In Mississippi, an estate cannot execute on a judgment without a judicial writ known as *scire facias*.[1]

Second, the monies identified in the response to the continuing writ of garnishment are exempt because they constitute lost wages. And, under the Consumer Credit Protection Act, 15 U.S.C. § 1673, if the writ does attach to the monies, it would apply only to 25% of the creditor's disposable income.

Third, the continuing writ of garnishment is inferior to the judgment debtor's attorney's charging lien. Her attorneys had perfected their lien on a separate judgment awarding fees and costs in the federal case.

The trial court denied the judgment debtor's motion. The trial court found the domesticated Mississippi judgment was protected by the Full Faith and Credit Clause. The trial court informed the judgment debtor that any challenge to the judgment should be made in Mississippi.

The trial court found the monies awarded in the federal discrimination case were subject to garnishment because those monies were awarded for age discrimination, not as wages. As such, the garnished funds were not exempt under Florida law. The trial court did not reach the 25% limitation issue.

The trial court took judicial notice of the attorney's fees and cost judgment awarded in the federal case. And last, the trial court found those

---

[1] "A scire facias, at common law, is defined as a judicial writ, . . . founded on some matter of record, such as a judgment or a recognizance." *City of St. Louis v. Miller*, 145 S.W.2d 504, 505 (Mo. Ct. App. 1940). "At common law, scire facias to revive a judgment is not regarded as a new action or suit, but is regarded as a continuation of the prior proceeding." *Id.*

monies could be used to satisfy the judgment debtor's attorney's charging lien.

From this order, the judgment debtor now appeals.

- ***The Analysis***

The judgment debtor continues to argue the trial court erred in not dissolving the writ of garnishment because the deceased creditor cannot enforce the domesticated Mississippi judgment. She argues that under Mississippi law when a judgment creditor dies, the right to enforce a judgment ends unless the estate is substituted within ninety days of the death. Miss. R. Civ. P. 25(a). No such substitution occurred.

We have de novo review of this legal issue. *Collins v. State*, 200 So. 3d 163, 165 (Fla. 5th DCA 2016).

"Generally, one has standing to sue when he or she has a sufficient interest at stake in the controversy which will be affected by the outcome of the litigation." *Carvel v. Godley*, 939 So. 2d 204, 207 (Fla. 4th DCA 2006) (quoting *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022, 1024 (Fla. 4th DCA 1996)). In Florida, "[n]o cause of action dies with the person." § 46.021, Fla. Stat. (2022). "All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law." *Id.*

Under Mississippi's rules of civil procedure, when a party to a claim dies, and the claim is not extinguished, the trial court will, upon a motion, order a substitution of the party. Miss. R. Civ. P. 25(a). If no motion to substitute is made for the decedent within ninety days of the death, the court must dismiss the claim without prejudice. Miss. R. Civ. P. 25(a).

The judgment debtor argues the deceased judgment creditor died over a year after the judgment was entered in Mississippi and three more years have now elapsed. Because no substitution of the estate occurred and no one acquired a writ of scire facias, the trial court should have granted her motion to dissolve the writ of garnishment.

The trial court, however, held the judgment was properly domesticated and did not declare it void. The trial court reasoned the Full Faith and Credit Clause required the recognition of the valid judgment from another state. *See Ledoux-Nottingham v. Downs*, 210 So. 3d 1217, 1222 (Fla. 2017). The trial court then found Mississippi was the proper forum to challenge the validity of the domesticated judgment.

3

The trial court was correct. Full faith and credit should be given to the Mississippi judgment, but that was not the real issue. Instead, the real issue was the deceased judgment creditor's standing to enforce or execute on the judgment without having substituted his estate, pursuant to either Mississippi or Florida law. The answer to that question is "no."

The deceased judgment creditor lost the right to enforce the judgment upon his death. He had no standing to pursue the writ of garnishment. The trial court erred in denying the motion to dissolve the writ.

Because we decide this appeal on the standing issue, we need not address the remaining issues regarding whether the monies from the federal discrimination case were exempt from garnishment as lost wages and whether the attorney's charging lien had priority over the writ.

*Reversed and remanded.*

LEVINE and ARTAU, JJ., concur.

*　　*　　*

**_Not final until disposition of timely filed motion for rehearing._**